VUSHAJ v FARM BUREAU GENERAL INSURANCE COMPANY
OF MICHIGAN

Docket No. 283243. Submitted March 3, 2009, at Detroit. Decided March
17, 2009. Approved for publication June 18, 2009, at 9:05 a.m.

Edmond Vushaj brought an action in the Wayne Circuit Court
against Farm Bureau General Insurance Company of Michigan,
his homeowner's insurer, after the defendant rejected a claim
for fire loss. The court, Michael F. Sapala, J., granted summary
disposition for the defendant, ruling that there existed no
genuine issues of material fact and the defendant was entitled
to judgment as a matter of law because a policy exclusion for
loss that occurs "while a described building, whether intended
for occupancy by owner or tenant, is vacant or unoccupied
beyond a period of 30 consecutive days" applied. The plaintiff
appealed.

The Court of Appeals *held*:

1. The terms "vacant" and "unoccupied," as used in the
policy in question, mean not routinely characterized by the
presence of human beings. The evidence in this case, when
viewed in a light most favorable to the plaintiff, indicated that
the plaintiff was present at the house one night every other
week for two years, that his father slept at the house sporadi-
cally for a total of 52 nights during the same two-year period,
and that there were no beds in the house. Such evidence does
not lead to a conclusion that the house was routinely charac-
terized by the presence of humans. Therefore, the house was
vacant or unoccupied for purposes of the policy.

2. No genuine issues of material fact precluded a grant of
summary disposition. The trial court correctly determined that
the plaintiff's father's occasional stays at the house did not
constitute occupancy. Mail deliveries and sparse furnishing
were not highly relevant in determining whether the house was
occupied for purposes of the policy. The intent of the plaintiff
and his father with respect to occupancy was not material to the
determination whether a person actually occupied the house.
The policy exclusion and a policy provision requiring reasonable
precautions against frozen pipes in the house (regardless of

whether it was occupied or unoccupied) were not contradictory. Taken as a whole, the policy provided that if a structure is left vacant or unoccupied, certain precautions have to be taken to prevent frozen pipes. However, even if those precautions were taken, no coverage would be provided if the structure remained vacant or unoccupied for more than 30 consecutive days.

Affirmed.

*Henry A. Sachs* for the plaintiff.

*Moblo & Fleming, P.C.* (by *Daniel J. Fleming* and *Allison L. Silverstein*), for the defendant.

Before: JANSEN, P.J., and BORRELLO and STEPHENS, JJ.

PER CURIAM. Plaintiff appeals as of right the trial court's grant of defendant's motion for summary disposition. Plaintiff filed suit after defendant denied a claim arising out of a fire at a house owned by plaintiff. The trial court granted defendant's motion for summary disposition after determining that plaintiff was not entitled to coverage because the house in question was vacant before the fire. We affirm.

### I. STANDARD OF REVIEW

This Court reviews a trial court's ruling on a motion for summary disposition pursuant to MCR 2.116(C)(10) de novo. *Dressel v Ameribank*, 468 Mich 557, 561; 664 NW2d 151 (2003). Summary disposition is proper under MCR 2.116(C)(10) when, upon examining the affidavits, depositions, pleadings, admissions, and other documentary evidence, there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. *Corley v Detroit Bd of Ed*, 470 Mich 274, 278; 681 NW2d 342 (2004).

## II. THE TRIAL COURT PROPERLY DETERMINED THAT NO GENUINE ISSUES OF MATERIAL FACT EXISTED AND THAT THE HOUSE WAS VACANT AND UNOCCUPIED BEFORE THE FIRE

Plaintiff contends that defendant was not entitled to summary disposition because the terms "vacant" and "unoccupied" were ambiguous. We disagree.

As our Supreme Court explained in *Raska v Farm Bureau Mut Ins Co of Michigan*, 412 Mich 355, 362; 314 NW2d 440 (1982):

> A contract is said to be ambiguous when its words may reasonably be understood in different ways.
>
> If a fair reading of the entire contract of insurance leads one to understand that there is coverage under particular circumstances and another fair reading of it leads one to understand there is no coverage under the same circumstances the contract is ambiguous and should be construed against its drafter and in favor of coverage.
>
> Yet if a contract, however inartfully worded or clumsily arranged, fairly admits of but one interpretation it may not be said to be ambiguous or, indeed, fatally unclear.

The mere fact that a term is not defined in a policy does not render that term ambiguous. *Henderson v State Farm Fire and Cas Co*, 460 Mich 348, 354; 596 NW2d 190 (1999). "Rather, reviewing courts must interpret the terms of the contract in accordance with their commonly used meanings." *Id.* "When determining the common, ordinary meaning of a word or phrase, consulting a dictionary is appropriate." *Stanton v City of Battle Creek*, 466 Mich 611, 617; 647 NW2d 508 (2002). The terms "vacant" and "unoccupied" have commonly used meanings and are easily understood. According to Black's Law Dictionary, the term "vacant" means "[e]mpty; unoccupied." Black's Law Dictionary (8th ed). Black's further notes that "[c]ourts have sometimes distinguished *vacant* from *unoccupied*, holding

that *vacant* means completely empty while *unoccupied* means not routinely characterized by the presence of human beings." *Id.* Similarly, Random House Webster's College Dictionary defines "unoccupied" as "without occupants" and "occupant" as "a tenant of a house, estate, office, etc.; resident." *Random House Webster's College Dictionary* (1995). When read in the context of the contract, the terms "vacant" and "unoccupied" are not ambiguous because a fair reading of the entire contract leads only to the conclusion that coverage is not available in the present case.

Any reading of the contract results in the conclusion that the purpose of the provision in question is to protect the insurance company from the increased risk that accompanies insuring a house that does not have an occupant. Plaintiff's assertion that a structure must be wholly empty for the provision to take effect is therefore unpersuasive. When plaintiff's definitions of the terms are accepted, absurdity results. For example, a fully furnished house would never be considered to be vacant, even if no person entered the house for years, simply because the furniture in the house prevented the structure from being "completely empty." Because terms must be interpreted in the context of the contract in which they appear, we conclude that the terms "vacant" and "unoccupied" mean "not routinely characterized by the presence of human beings."

In applying the commonly understood meanings of "vacant" and "unoccupied" to the present dispute, it becomes clear that defendant was entitled to summary disposition. When viewing the evidence in the light most favorable to plaintiff, this Court must accept that no one had resided in the house from January 2004 until the house was damaged by fire in January 2006. Mr. Nikoll Vushaj would generally spend a night at the

home every other week when he would have an appointment with his doctor. He occasionally cooked food when he was at the house, but also relied on McDonald's for his meals. There were no beds in the house and the elder Vushaj, when he stayed overnight, slept in a sleeping bag that he kept in his car. He completed light maintenance tasks, such as mowing the lawn and shoveling the snow. These facts do not result in a conclusion that the house was routinely characterized by the presence of human beings. Rather, the absence of humans at the house is striking when one considers the facts. If Mr. Nikoll Vushaj's testimony is accepted as true, he stayed at the house one night every other week for two years. Put differently, the elder Vushaj slept at the house approximately 52 times and slept elsewhere 678 times. Therefore, the trial court properly granted summary disposition because the contractual language was clear and the application of that language to the undisputed facts results in the conclusion that defendant was entitled to judgment as a matter of law.

Plaintiff, also contends that summary disposition was improper under MCR 2.116(C)(10) because various issues of material fact remain unresolved as to whether the house was neither vacant nor unoccupied for more than 30 days before the fire. We disagree.

Plaintiff cites five alleged genuine issues of material fact that remain unresolved; the first of which is whether Nikoll Vushaj was an occupant of the home. The court examined the deposition testimony of plaintiff and his father, the insurance policy, the adjuster's reports, and other properly admitted documentary evidence. After the parties agreed (for the purposes of the motion) that the elder Vushaj occasionally slept at the house when he had an appointment with a physician and did some maintenance when he was there, the court

determined that it could find neither evidence of occupancy nor evidence to counter vacancy, as defined in the precedential cases of *Richards v Continental Ins Co of the City of New York*, 83 Mich 508; 47 NW 350 (1890). The court also concluded that the offered exception to coverage for unoccupied and vacant property articulated in *Hidalgo v Mason Ins Agency, Inc*, unpublished opinion per curiam of the Court of Appeals, issued June 2, 2005 (Docket No. 260662), was inapplicable because the elder Vushaj's visits were not primarily for the purpose of maintaining the home. The finding on intent related to a policy stipulation in *Hidalgo*, which was not included in the Farm Bureau policy before the court. Therefore, while the intent of the elder Vushaj may well raise a question of fact, that question is not material to this policy. The court properly resolved an issue of law after accepting as true the facts in the light most favorable to plaintiff. It did not improperly invade the purview of the finder of fact at trial.

Plaintiff next alleges that genuine issues of material fact exist regarding whether the house was furnished and was receiving regular mail deliveries. Contrary to plaintiff's assertions, the trial court did not make any factual findings regarding whether the house was furnished or whether mail was delivered there. There is no reason to believe that the trial court failed to view these facts in the light most favorable to plaintiff. After doing so, the trial court still determined that the house was vacant or unoccupied. The trial court's holding reflects the conclusion that mail deliveries and sparse furnishings are not highly relevant in determining whether a home is occupied for the purposes of this insurance policy. As discussed earlier, we agree and conclude that the proper inquiry is whether the home was regularly characterized by human presence. The trial court's grant of summary disposition was therefore appropriate.

Plaintiff also contends that there was a genuine issue of material fact regarding whether defendant was aware that the home was unoccupied at the time that it renewed the insurance policy. This issue was not raised until plaintiff filed his motion for reconsideration. Where an issue is first presented in a motion for reconsideration, it is not properly preserved. See *Pro-Staffers, Inc v Premier Mfg Support Services, Inc*, 252 Mich App 318, 328-329; 651 NW2d 811 (2002). This Court may review an unpreserved issue if it is an issue of law for which all the relevant facts are available. *Brown v Loveman*, 260 Mich App 576, 599; 680 NW2d 432 (2004). In the present case, there are no facts on the record regarding defendant's knowledge of the home's occupancy at the time of the policy renewal. Therefore, it would be improper to address this claim on appeal.

Finally, plaintiff contends that there was a genuine issue of material fact regarding whether plaintiff and the elder Vushaj intended to occupy the house. Again, while there may be a question regarding this issue based upon a view of the documents in the light most favorable to the appellant, the question is not material. The language of the policy indicates that a policyholder is not entitled to coverage for any loss that occurs "while a described building, whether intended for occupancy by owner or tenant, is vacant or unoccupied beyond a period of 30 consecutive days." Availability of coverage under the policy is not based on whether a party *intended* to occupy the structure. Coverage is based on whether a party *actually* occupied a structure. Therefore, the issue of intent is not material and the trial court properly ruled on the summary disposition motion before the issue of intent was resolved.

III. THE INSURANCE POLICY DOES NOT CONTAIN
CONTRADICTORY PROVISIONS REGARDING OCCUPANCY

Defendant next contends that summary disposition was improper because the insurance policy contained contradictory language regarding unoccupied structures. We disagree.

Paragraph 26 of the insurance policy provides that coverage is not available for any loss that occurs "while a described building, whether intended for occupancy by owner or tenant, is vacant or unoccupied beyond a period of 30 consecutive days." Plaintiff contends that this provision is ineffective because it contradicts language in his renewal documents. Specifically, plaintiff cites language in the renewal documents that provides, "The provisions requiring reasonable care to either maintain heat in the building or shut off the water supply and drain all systems and appliances to prevent freezing will now apply to ALL dwellings, even those dwellings that are vacant, unoccupied, or being constructed."

"This Court reads contracts as a whole, giving harmonious effect to each word and phrase." *Holmes v Holmes*, 281 Mich App 575, 596; 760 NW2d 300 (2008). The two provisions cited by plaintiff can be read in harmony with one another. Paragraph 26 provides that coverage is not available if a structure has been vacant or unoccupied more than 30 days immediately before a loss. The provision included with the renewal documents provides that certain precautions must be taken to prevent the pipes from freezing in a vacant or unoccupied structure. The provision in the renewal documents does not refer to any specific period. Therefore, it does not contradict paragraph 26. Taken as a whole, the policy provides that if a structure is left vacant or unoccupied, certain precautions have to be

taken to prevent the freezing of pipes. However, even if those precautions are taken, no coverage is provided if the structure remains vacant or unoccupied for a period beyond 30 days.

IV. PLAINTIFF FAILED TO PROPERLY PRESERVE THE ISSUE
RELATING TO WAIVER AND THIS COURT WILL NOT
CONSIDER IT ON APPEAL

Finally, plaintiff contends that defendant waived paragraph 26 of the insurance policy when it renewed the policy after discovering that the house was unoccupied. As stated above, where an issue is first presented in a motion for reconsideration, it is not properly preserved. See *Pro-Staffers, Inc, supra* at 328-329. This Court may review an unpreserved issue if it is an issue of law for which all the relevant facts are available. *Brown, supra* at 599. In the present case, there are no facts on the record regarding defendant's knowledge of the home's occupancy at the time of the policy renewal. Therefore, it would be improper to address this claim on appeal.

Affirmed.