# STATE OF MICHIGAN

# COURT OF APPEALS

CONNIE JOAN ADAMIAK,

        Plaintiff-Appellant,

v

EDWARD WILLIAM ADAMIAK,

        Defendant-Appellee.

UNPUBLISHED
December 1, 2016

No. 329611
Alpena Circuit Court
LC No. 13-05153-DM

Before: BOONSTRA, P.J., and SHAPIRO and GADOLA, JJ.

PER CURIAM.

Plaintiff appeals as of right the judgment of divorce that awarded defendant 50% of the equity in the marital home in an amount of $7,343.51, all of his workers' compensation benefits, and certain personal property items. We affirm as to the trial court's division of the financial assets of the marriage and reverse as to the items of personal property.

The parties' divorce followed an incident in June of 2013 where defendant assaulted plaintiff. After the assault, defendant was forced to leave the home. A contested trial regarding the property distribution took place on April 15, 2015, and the trial court entered an order awarding defendant 50% of the equity in the marital home and certain personal property items he had requested; the order also determined that defendant's workers' compensation settlement was separate property. Plaintiff filed a motion for reconsideration that addressed each of these three items. The trial court denied this motion, and the judgment of divorce was entered soon after. Plaintiff now appeals with respect to these three items.

"The goal in distributing marital assets in a divorce proceeding is to reach an equitable distribution of property in light of all the circumstances." *Berger v Berger*, 277 Mich App 700, 716-717; 747 NW2d 336 (2008). The marital estate does not need to be divided "into mathematically equal portions." *Id.* The trial court has "broad discretion in fashioning its rulings." *Sparks v Sparks*, 440 Mich 141, 158-159; 485 NW2d 893 (1992). We will affirm a trial court's dispositional ruling unless we are "left with the firm conviction that the division was inequitable." *Id.* at 152.

The dispute concerning the home equity arose out of plaintiff's testimony that after defendant moved out of the house in June of 2013, she alone paid the monthly mortgage without any assistance from defendant. Plaintiff provided a billing statement showing that at the time of trial the principal balance on the mortgage was $61,312.97. While this documentation only

-1-

provided the principal balance on the mortgage as of the time of trial, it contained enough information to determine what the principal balance would have been as of the end of 2013. In her motion for reconsideration, plaintiff argued that the trial court erred by determining the relevant equity to be divided based upon the date of the trial rather than the date on which defendant left the home and made no separate payments. The change in equity was approximately $4,100 as evidenced by a July 6, 2013 mortgage statement attached to the motion for reconsideration.

The dispute concerning the workers' compensation benefits concerns a settlement of $20,569.02 received by defendant on February 12, 2014 that was to resolve his claim for past and future medical costs and wage loss arising out of a workplace injury. At trial, defendant asked that that settlement money be considered separate, non-marital property, and plaintiff did not object. However, in her motion for reconsideration, plaintiff argued that some portion of the settlement be included in her property award.

Because plaintiff first raised the issue of the workers' compensation settlement in her motion for reconsideration, it is not preserved. *Vushaj v Farm Bureau Gen Ins Co of Mich*, 284 Mich App 513, 519; 773 NW2d 758 (2009) (determining that "[w]here an issue is first presented in a motion for reconsideration, it is not properly preserved"). As the issue is not properly preserved, we decline to review it. See *Heydonv MediaOne of Southeast Michigan Inc*, 275 Mich App 267, 278; 739 NW2d 373 (2007).

The decision to value the equity in the marital home as of the date of trial as opposed to the date that defendant left the marital home was a dispositional decision. See *Woodington v Shokoohi*, 288 Mich App 352, 355; 792 NW2d 63 (2010) (stating that "[t]he determination of the proper time for valuation of an asset is in the trial court's discretion"). The court's determination as to the time of valuation was not an abuse of discretion. Moreover, given the various financial assets at issue in the overall division, even if we were to accept plaintiff's argument as to time of valuation, we would not be left with a firm conviction that the ultimate division of financial assets was inequitable. See *Sparks*, 440 Mich at 152.

Concerning the dispute over the personal property, defendant prepared a list of the personal property items in the marital home that he wanted to receive in the property division prior to trial. On the list were four items as to which plaintiff objected, i.e., "[t]he tall dresser, standing mirror, nightstand, [and] master bedroom queen board." Plaintiff testified that these items were her pre-marital property and should not be included in the marital property division. Defendant testified that he did not think plaintiff acquired this property before the marriage, but he stated on the record that "if she had a receipt that said I bought it at a certain date, I would acquiesce to that. But as of right now, I say that I think we were married by the time she bought that." In dividing the personal property, the trial court awarded defendant all the items on his list, including the items plaintiff had argued were separate property at the trial.

With her motion for reconsideration, plaintiff provided receipts for the relevant items which showed that they were acquired prior to the parties' marriage and requested that the court modify its order as to these items. The trial court denied plaintiff's motion for reconsideration stating that it had accepted defendant's testimony at the time of trial and that plaintiff could have located and provided the receipts prior to trial. Given the unique circumstances of this case, we reverse. The issue was raised at trial and though the receipts were not produced at that time,

defendant conceded in open court that if the receipts could be produced he would not dispute that the items belonged to plaintiff as pre-marital property. In light of that record admission and the fact that the receipts were produced prior to the judgment becoming final, we conclude that it was an abuse of discretion not to modify the judgment in this limited respect.

We reverse the trial court's denial of plaintiff's motion for reconsideration regarding the tall dresser, standing mirror, nightstand, and master bedroom queen board and direct that the judgment be revised accordingly. In all other respects, we affirm. We do not retain jurisdiction. No costs awarded as neither party has prevailed in full.

/s/ Mark T. Boonstra
/s/ Douglas B. Shapiro
/s/ Michael F. Gadola