# STATE OF MICHIGAN

# COURT OF APPEALS

RANDY HATFIELD,

        Plaintiff-Appellant,

v

PROGRESSIVE MICHIGAN INSURANCE
COMPANY,

        Defendant/Third-Party Plaintiff-
        Appellee,

v

STATE FARM MUTUAL AUTOMOBILE
INSURANCE COMPANY,

        Third-Party Defendant-Appellee.

UNPUBLISHED
June 6, 2017

No. 331654
St. Joseph Circuit Court
LC No. 14-000560-NF

Before: MARKEY, P.J., and MURPHY and METER, JJ.

PER CURIAM.

Plaintiff, Randy Hatfield, appeals as of right the trial court's order granting summary disposition to defendant/third-party plaintiff, Progressive Michigan Insurance Company, and dismissing this case. We affirm in part and remand this case for further proceedings.

This case arose out of an automobile accident involving plaintiff on February 9, 2014. Plaintiff filed a complaint against Progressive, claiming that Progressive unreasonably and wrongfully refused to pay no-fault benefits on his behalf.

Plaintiff sought, among other benefits, wage-loss benefits from Progressive. Although plaintiff had been unemployed for an extended period, he claimed that he was scheduled to start a new job as a painter for Hometown Painting on February 10, 2014, which was one day after his accident. He claimed that the job offered $15 an hour for 40 hours or more a week. However, Progressive argued that plaintiff's claim was fraudulent and that it was entitled to deny plaintiff's claim pursuant to the insurance policy's fraud provision. Progressive filed a motion for summary disposition under MCR 2.116(C)(10), arguing that the undisputed evidence showed that plaintiff had not been offered a job at Hometown Painting, that there was no merit to his

-1-

claim for wage-loss benefits, and that plaintiff had committed fraud. The trial court granted Progressive's motion for summary disposition.

Plaintiff filed a motion for reconsideration, raising several issues that were not raised in response to Progressive's motion for summary disposition.[1] The trial court denied the motion for reconsideration.

We review de novo a trial court's ruling on a motion for summary disposition. *Auto Club Group Ins Co v Burchell*, 249 Mich App 468, 479; 642 NW2d 406 (2001). "The moving party may . . . satisfy its burden under MCR 2.116(C)(10) by submit[ting] affirmative evidence that negates an essential element of the nonmoving party's claim, *or* by demonstrat[ing] to the court that the nonmoving party's evidence is insufficient to establish an essential element of the nonmoving party's claim." *Lowrey v LMPS & LMPJ, Inc*, 500 Mich 1, 7; 890 NW2d 344 (2016) (quotation marks and citations omitted). The Michigan Supreme Court in *Lowrey* noted that MCR 2.116(C)(10) "plainly requires the adverse party to set forth specific facts at the time of the motion showing a genuine issue for trial." *Id*. (quotation marks and citation omitted).

Progressive's insurance policy contained the following provision:

> We may deny coverage for an accident or loss if **you** or a person seeking coverage has knowingly concealed or misrepresented any material fact or circumstance, or engaged in fraudulent conduct, in connection with the presentation or settlement of a claim.

To support his initial claim for wage-loss benefits, plaintiff submitted a Request for Verification of Employment form wherein he stated that he was to start work as a painter for Hometown Painting on February 10, 2014, at a rate of $15 an hour. The Attestation attached to the Request for Verification of Employment form was signed by Randall Miller. It stated that Miller was a co-owner of Hometown Painting with Mike Androsky; that plaintiff was supposed to start work on February 10, 2014, at a pay rate of $15 an hour; that plaintiff was eligible for a $2-an-hour raise after the first month; and that the job was going to be for 40 hours or more a week. In addition, plaintiff testified at his deposition that he was supposed to start work as a painter for Hometown Painting on February 10; that he spoke to both Miller and Androsky regarding the job in December 2013; that the job was for 40 hours a week with a pay rate of $15 an hour; and that he would be eligible for a $2-an-hour raise.

In conjunction with its motion for summary disposition, Progressive provided the sworn deposition testimony of Androsky in support of its claim that plaintiff made material misrepresentations in his claim for wage-loss benefits. Androsky testified that he was the sole owner of Hometown Painting; that he never offered plaintiff a painting job; that Miller was a subcontractor and did not have the authority to offer plaintiff a job with Hometown Painting; that

---

[1] In fact, plaintiff did not file a written response to Progressive's motion for summary disposition.

he would not hire a painter two months in advance for February; and that neither he nor Miller worked 40 hours a week. Therefore, based on plaintiff's alleged misrepresentations made in the Request for Verification of Employment form and his deposition testimony, Progressive argued that it was entitled to deny coverage for plaintiff's claim pursuant to the insurance policy.

The trial court properly granted Progressive's motion for summary disposition with regard to wage-loss benefits. Indeed, plaintiff did not respond to Progressive's motion by submitting evidence that "set forth specific facts at the time of the motion showing a genuine issue for trial." *Id*. (quotation marks and citation omitted). Progressive submitted evidence as summarized above, and the *unsworn* Attestation allegedly signed by Miller was "not sufficient to create a genuine issue of material fact to oppose summary disposition under MCR 2.116(C)(10)." *Liparoto Constr, Inc v Gen Shale Brick, Inc*, 284 Mich App 25, 33; 772 NW2d 801 (2009). At the motion hearing, when asked by the trial court how he would like to respond to Progressive's evidence, plaintiff stated merely that he wanted to "go off of . . . [Androsky's] deposition, what he said." Plaintiff pointed to Androsky's statements that Miller may have held himself out as a co-owner of Hometown Painting. However, as aptly stated by the trial court:

> [W]ithout any evidence contradicting [Androsky's testimony that there had been no job offer with Hometown Painting], without Mr. Miller's statement, and without that being provided, the only evidence is that there was no such work and that you may have been misled by Mr. Miller; but that's not anybody's fault, and it's not the insurance company's fault. But you did not have guaranteed work to start the next day, according to the person that had the jobs, 'cause there wasn't any.
>
> * * *
>
> So I'm granting the motion for summary disposition as to the claim for work loss as there's been no evidence to contradict it . . . .

Under the circumstances, the trial court correctly found that there was simply no basis on which to grant wage-loss benefits.

However, after explicitly stating on the record that it was granting the motion for summary disposition regarding *wage-loss* benefits and also stating that if plaintiff was misled, it was "not anybody's fault," the court went on to enter an order granting defendant's motion for summary disposition *in full* and dismissing the entire case with prejudice. In defendant's motion, it had argued for a dismissal of plaintiff's entire civil action (which referred to additional monies aside from wage loss)[2] based on fraud. On this record, there is a contradiction between the trial court's oral ruling and its written order, and we therefore remand this case for further

---

[2] The claim for replacement services was litigated and dismissed but other claims remained.

proceedings and clarification regarding whether the trial court intended to dismiss plaintiff entire claim based on fraud or whether it intended merely to dismiss the claim for wage-loss benefits.[3]

Affirmed in part and remanded. We do not retain jurisdiction.

/s/ Jane E. Markey
/s/ William B. Murphy
/s/ Patrick M. Meter

---

[3] With regard to the additional issues raised by plaintiff, we find that they are not properly preserved, see, e.g., *Vushaj v Farm Bureau Gen Ins Co of Mich*, 284 Mich App 513, 519; 773 NW2d 758 (2009), and that plaintiff had sufficient opportunity to raise them at an earlier date but did not avail himself of that opportunity, see *Woods v SLB Prop Mgt, LLC*, 277 Mich App 622, 630; 750 NW2d 228 (2008). At any rate, we have reviewed the additional issues raised and find them to be without merit.