# STATE OF MICHIGAN

# COURT OF APPEALS

HARRY LEE SIVILS,

Plaintiff-Appellant,

v

RONDA LYNN SIVILS,

Defendant-Appellee.

UNPUBLISHED
November 8, 2018

No. 339028
Lenawee Circuit Court
LC No. 12-038488-DO

Before: MURRAY, C.J., and METER and GLEICHER, JJ.

PER CURIAM.

Several years after the parties' divorce, the circuit court essentially rewrote the divorce judgment to make the division of marital debt a support obligation, rather than a part of the property settlement. The court ruled that the plaintiff-husband must pay his share of the debt directly to the defendant-wife, despite that he had already secured a bankruptcy discharge as permitted by the divorce judgment. This was not permitted under the plain language of the judgment. Accordingly, we vacate the circuit court's order and remand for further proceedings.

## I. BACKGROUND

The parties were married later in life in 1996, and filed cross-complaints for divorce in 2012. The judgment required plaintiff to pay defendant $1,000 in monthly spousal support for a set period, to be set off by payments defendant received directly from plaintiff's pension through a qualified domestic relations order (QDRO). The parties' personal property settlement included a provision stating that "[a]ll marital debt shall be evenly divided between the parties. In the event of a bankruptcy, those debts may be discharged." The judgment also contained a separate provision entitled "nondischargeability of obligations and debts," stating:

> IT IS FURTHER ORDERED AND ADJUDGED to the extent either party is required by the terms of the Judgment to assume responsibility for paying certain debts, including obligations owed to each other, and/or indemnifying the other harmless from any liability, such obligation shall be deemed a support obligation under 11 U.S.C. Section 523 (a) (5) which is not dischargeable in Bankruptcy as to the other party.

The parties were in severe financial straits when they filed for divorce and anticipated that both would soon file for bankruptcy. At the July 3, 2013 settlement hearing, counsel for

-1-

both parties indicated that bankruptcy was imminent. Plaintiff did file for bankruptcy and secured the discharge of his debts, including his half of those bills making up the marital debt. His financial woes did not end, however. His employer asserted that plaintiff over-collected his pension benefits and began docking his payments. Thereafter, plaintiff stopped making full spousal support payments. He also repeatedly refused to arrange for direct deposit of spousal support despite express court order, resulting in a string of untimely payments.

Unlike plaintiff, and apparently against the advice of her attorney and the court, defendant did not file for bankruptcy and lost the marital home to foreclosure. Defendant sought court intervention and secured several adjustments to the spousal support award. In an April 16, 2015 motion to enforce the judgment and to show cause, defendant contended for the first time that plaintiff had not met his divorce judgment obligation to pay half of the marital debt. Specifically, defendant claimed that plaintiff was "obligated to repay to the Defendant" his portion of the debt "despite any bankruptcy that he has filed." The court directed plaintiff to present his bankruptcy filings so it could confirm whether his share of the marital debts had been discharged.

When plaintiff presented his bankruptcy documentation, defendant sat back for several months. She finally asserted that the bankruptcy filing was riddled with "inaccuracies" and argued at a December 5, 2016 hearing on yet another motion to enforce the judgment and to show cause "that any debt that the Plaintiff owed to [defendant] as part of the property settlement is in fact and should be considered support for purposes of repayment to [defendant]." The court ruled:

> The next thing is property settlement. They would share equally in the marital debt. Tabulate his obligation on the marital debt, judgment interest applied, and I will sign an order directing him to pay that amount forthwith. We are no longer dealing with itemized lists. We're dealing with an amount certain.

The court entered its written order on December 29, 2016, ruling, in relevant part:

> Plaintiff shall pay to Defendant . . . $157,894.00 . . . representing the unpaid portion of the property settlement awarded to Defendant. This shall be deemed property settlement and not support. However, pursuant to the terms of the judgment of divorce, this shall be treated as support for bankruptcy purposes. . . .

Still, plaintiff did not comply. He stopped paying monthly spousal support and did not remit $157,894 to defendant. Defendant complained that she "ha[d] borne the responsibility for" the debt alone and that plaintiff "ha[d] not paid any."

On March 24, 2017, plaintiff finally responded by filing a "motion for rehearing of judgment of divorce" and complaining that he "was misled as to his ability to file a petition in Bankruptcy Court by conflicting provisions i[n] the Judgment of Divorce." Defendant conceded that the bankruptcy court may have discharged certain debts, but claimed that plaintiff still owed those debts to her:

[W]hile the debts may have been, and were discharged via a bankruptcy, further provisions of the Judgment of Divorce indicated that any debts set forth in the judgment were deemed support and not dischargeable. In essence, while a bankruptcy court could discharge the debts, they still remained owing to that party to whom they were payable as support, which is not dischargeable.

At the subsequent hearing, plaintiff was represented by new counsel, as the attorney who had represented him during the negotiation of the divorce judgment had passed away. Through this counsel, plaintiff acknowledged that the standard provision that one spouse's debts to the other are not dischargeable in bankruptcy was included in the judgment. However, counsel argued that this must have been an oversight as the judgment otherwise specifically stated that the parties could seek discharge of their share of the marital debt through bankruptcy and do so "without penalty." Defense counsel disagreed, emphasizing:

> Nobody has ever disputed, Judge, that Mr. Sivils or Mrs. Sivils could go into Bankruptcy Court and discharge those creditors, the credit card company, the mortgage. They could have those discharged, but they still owe the debts to each other. And Mrs. Sivils made it clear way back when we put proofs on she did not want to file bankruptcy. She had no intent of walking away from her obligations. She's still getting the calls from the creditors. She's still trying to make these payments.

The court then ordered plaintiff to remit his share of the marital debt directly to defendant. Plaintiff appeals that ruling.

## II. ANALYSIS

We generally review de novo a trial court's interpretation of a divorce judgment. *Hudson v Hudson*, 314 Mich App 28, 33; 885 NW2d 652 (2016). We interpret consent judgments of divorce like contracts, discerning the parties' intent from the language used. *Id*. at 38. However, plaintiff failed to preserve his challenge. Plaintiff did not respond to defendant's motion to enforce the second amended judgment of divorce and to show cause regarding marital debt, and he did not appear at the hearing on the matter. Plaintiff did not assert that his share of the marital debt was dischargeable in bankruptcy until he filed a motion for a rehearing of the second amended judgment of divorce. "Where an issue is first presented in a motion for reconsideration, it is not properly preserved." *Vushaj v Farm Bureau Gen Ins Co of Mich*, 284 Mich App 513, 519; 773 NW2d 758 (2009). Still, we "may review an unpreserved issue if it is an issue of law for which all the relevant facts are available." *Id*.

The division of marital debt is included in the personal property division of the judgment of divorce. However, the division of marital property (which includes the negative asset: debt)[1]

---

[1] See ICLE, Michigan Family Law (2017), § 15.37, p 921 ("In general, debts are treated as negative assets in valuing an overall property award and courts typically allocate them according to the same equitable principles that govern property division in general.").

can be connected with spousal support. In dividing a couple's assets and debts, the court must consider "the needs of the parties," their "earning abilities," and other equitable concerns. *Sparks v Sparks*, 440 Mich 141, 159-160; 485 NW2d 893 (1992). This Court has found it equitable to award one party a greater share of the marital property when needed to augment his or her income or to even out the parties' financial conditions. See *Welling v Welling*, 233 Mich App 708; 592 NW2d 82 (1999). The "amount of property awarded to the parties" is an express factor to consider in making a spousal support judgment. *Olson v Olson*, 256 Mich App 619, 631; 671 NW2d 64 (2003). Property division and spousal support are clearly interrelated and interdependent concepts that cannot be viewed in a vacuum. In this regard, a court may order one party to pay a larger share of the marital debt to augment the resources available for the other party's self-support. In such circumstances, a circuit court is not required to treat the division of marital debt as a pure property settlement simply based on its location in the divorce judgment.

And it is true that under federal bankruptcy law, if the division of marital debt is treated as a component of support, the debt would not be dischargeable. A "domestic support obligation" is not dischargeable in bankruptcy. 11 USC 523(a)(5).[2]

> The term "domestic support obligation" means a debt . . . that is--
>
> (A) owed to or recoverable by--
>
> (*i*) a spouse, former spouse, or child of the debtor or such child's parent, legal guardian, or responsible relative . . .
>
> * * *
>
> (B) in the nature of alimony, maintenance, or support (including assistance provided by a governmental unit) of such spouse, former spouse, or child of the debtor or such child's parent, without regard to whether such debt is expressly so designated;
>
> (C) established . . . by reason of applicable provisions of--
>
> (*i*) a separation agreement, divorce decree, or property settlement agreement. . . . [11 USC 101(14A).]

When one party assumes all or part of the other party's share of the debt, it makes sense to treat the division of marital debt like a support obligation. After all, if only one party files for bankruptcy, the joint debt would be discharged against that party alone. The creditors would then be permitted to pursue full payment from the other spouse, leaving that spouse with even further reduced means of support. See ICLE, Michigan Family Law, § 15.1, p 882 ("Although a divorce judgment may require one or the other party to pay a given debt, the judgment is not

---

[2] This statute was amended in 2016, but this provision has been included in the statute since the parties' original judgment of divorce was entered in 2013.

binding on third-party creditors. If a client's name is on a debt, he or she is still potentially liable to the third-party creditor for that debt if the other party does not pay it.") This would be counter to the intent of the parties and the court in entering the divorce judgment.

In this case, however, the divorce judgment does not contemplate that the division of debt would augment the support order. As noted, we apply general rules of contractual interpretation to judgments. *Hudson*, 314 Mich App at 38. We must "read contracts as a whole, giving harmonious effect, if possible, to each word and phrase." *Royal Prop Group, LLC v Prime Ins Syndicate, Inc*, 267 Mich App 708, 719; 706 NW2d 426 (2005).

The personal property section of the divorce judgment specifically provides that a party's share of the marital debt may be discharged in bankruptcy. As noted on the record when the original divorce judgment entered, both parties contemplated filing for bankruptcy in the near future, explaining the inclusion of this provision. Four years later, defendant and her counsel seemingly forgot that bankruptcy had been her plan, declaring that defendant "made it clear way back when we put proofs on she did not want to file bankruptcy. She had no intent of walking away from her obligations." Regardless of this later lapse in memory, the personal property provision specifically allows a party to discharge his or her marital debt liability in bankruptcy.

As the circuit court ignored clear language in the judgment in determining to make the division of marital debt a nondischargeable duty, we must vacate the court's order to the contrary.

The court's order was likely driven by frustration at a party to a divorce proceeding who time and again refused to follow court orders to ensure the support of his ex-wife. The court ordered plaintiff to make monthly spousal support payments by the first of every month by direct deposit. Plaintiff never arranged for direct deposit and repeatedly made late or short payments. He ignored the court's order extending the duration of spousal support payments, completely stopping his checks. Further frustration was stirred when plaintiff's former employer rejected QDROs to allow direct payment of a portion of plaintiff's pension to defendant. The difficulty was caused by plaintiff, who knew he was required to advise his employer if he became entitled to Social Security Disability benefits based on his blindness, as his pension included additional benefits for this disability. Plaintiff's "double dipping" led to over $100,000 in wrongfully collected pension benefits that had to be returned; after docking his pension payments, the employer was not permitted to withhold sufficient funds to pay defendant her due. The court then attempted to secure defendant's spousal support payments by direct garnishment of plaintiff's Social Security Disability payments, only to be informed that this was not permitted. And plaintiff repeatedly failed to appear in court for hearing dates and to show cause, interfering with the court's ability to hold the out-of-state party in contempt.

We vacate and remand for further proceedings. We do not retain jurisdiction.

/s/ Christopher M. Murray
/s/ Patrick M. Meter
/s/ Elizabeth L. Gleicher