*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

DITECH FINANCIAL LLC,

Plaintiff-Appellant,

v

ROBERT RANDAZZO,

Defendant-Appellee.

UNPUBLISHED
September 17, 2019

No. 344713
Macomb Circuit Court
LC No. 2017-002437-PD

Before: SHAPIRO, P.J., and GLEICHER and SWARTZLE, JJ.

PER CURIAM.

Plaintiff filed a claim-and-delivery action seeking to recover possession of a mobile home, alleging that defendant defaulted on the payments. Because the debt related to the mobile home was discharged in a Chapter 7 bankruptcy, plaintiff sought only possession of the mobile home, not a monetary judgment. The trial court granted defendant's motion for summary disposition, ruling that plaintiff's action was barred by the four-year limitations period contained in Article 2 of Michigan's Uniform Commercial Code (UCC), MCL 440.2735. Because all of plaintiff's arguments on appeal are either waived or unpreserved, we affirm.

## I. BACKGROUND

On June 19, 2017, plaintiff filed a claim-and-delivery action against defendant, seeking to recover possession of a mobile home. Plaintiff alleged that it loaned defendant $55,285 on January 30, 1998; that defendant agreed to repay the money in monthly installments; and that defendant granted plaintiff a security interest in a certain mobile home as collateral for the loan. Plaintiff's complaint did not specifically allege that defendant was in default under the agreement, and did not allege a date or event giving rise to its cause of action. Although plaintiff acknowledged that defendant filed a bankruptcy action, plaintiff alleged that its lien was not discharged in the bankruptcy and that it retained the ability to enforce the lien by repossessing the collateral. Plaintiff requested that the trial court enter an order awarding it possession of the mobile home.

Defendant filed a motion for summary disposition of plaintiff's claims under MCR 2.116(C)(5) (capacity to sue) and (7) (statute of limitations). Defendant argued that a mobile

home was a "good" under Michigan's UCC and that the four-year limitations period for claims involving breach of any contract for the sale of goods barred plaintiff's action, citing MCL 440.2725. Defendant alleged that his "filing bankruptcy constituted a breach of the contract for the sale of the mobile home" and that, because plaintiff filed the circuit court action five years after the bankruptcy was concluded, its claim was barred by the expiration of the four-year limitations period.

In its brief opposing defendant's motion for summary disposition, plaintiff argued that Michigan's UCC did not apply to this case at all, that the Mobile Home Commission Act (MHCA), MCL 125.2301 *et seq.*, governed the running of the limitations period, and that the MHCA provided a six-year limitations period that applied to its claim. In that brief, defendant stated that the application of the UCC in this case was "manifestly incorrect" because the MHCA governed the matter. Plaintiff raised no argument in its brief opposing defendant's motion that the applicable limitations period was found in either Article 3 or 9 of Michigan's UCC, did not describe when its cause of action allegedly accrued, and raised no argument that its action was timely even if a four-year limitations period applied.

At oral argument on defendant's motion for summary disposition, plaintiff continued to insist that Michigan's UCC did not apply to this case at all, and that the MHCA controlled this case. At the oral argument, plaintiff never provided a statutory citation for what portion of the MHCA purportedly contained a six-year statute of limitations,[1] never argued that the applicable limitations period was found in either Article 3 or 9 of Michigan's UCC, did not take a position regarding when its cause of action accrued, and never argued that its action was timely even if a four-year limitations period applied.

In response to questioning from the trial court, plaintiff's counsel apparently conceded that, if the UCC did control in this case, rather than the MHCA, then a four-year limitations period applied to this action:

> [*Defense counsel*]: . . . And this is just like a car. The UCC applies. The security interest that they're trying to bring this action based on requires that the four year statute of limitations apply.
>
> *The Court*: [Plaintiff's counsel], what's your response to that? I mean you can call it a claim and delivery [action], but if you are seeking to foreclose on a piece of security that does come under the UCC, no matter what you call it, it would still be looking at a four year statute, would we not?
>
> [*Plaintiff's counsel*]: We, *if it was under UCC*. But it's our position entirely this does not fall under UCC, it falls under the MHCA. And it's very clear, Your Honor, that it falls under, this is a mobile home and it's governed by that provision, not the UCC. [Emphasis added.]

---

[1] Plaintiff subsequently conceded that the MHCA provides a three-year limitations period. See MCL 125.2333.

The trial court granted defendant's motion for summary disposition, concluding that the four-year limitations period contained in Article 2 of Michigan's UCC, MCL 440.2725, applied to plaintiff's claim and that the action was barred because the limitations period expired before plaintiff filed its lawsuit.

Plaintiff subsequently filed a motion for reconsideration from the trial court's decision granting defendant's motion for summary disposition. In that motion for reconsideration, plaintiff conceded, for the first time, that Michigan's UCC did apply to this case—but argued that Article 3 of Michigan's UCC applied, rather than Article 2 as determined by the trial court. Plaintiff argued—for the first time—that the underlying contract involved in this case was a negotiable instrument covered by Article 3 of the UCC and that the six-year limitations period contained in Article 3 therefore applied. Plaintiff also argued—for the first time—that even if a four-year statute of limitations applied to this case, that limitations period had not yet expired. Plaintiff did not argue in its motion for reconsideration that Article 9 of the UCC applied.

The trial court denied plaintiff's motion for reconsideration, and this appeal followed.

## II. ANALYSIS

Plaintiff first argues that the trial court applied the incorrect limitations period to this case and that either Article 3 or 9 of the UCC applies to this case, rather than Article 2, as determined by the trial court.

"Waiver has been defined as the intentional relinquishment or abandonment of a known right" and one who "waives his rights under a rule may not then seek appellate review of a claimed deprivation of those rights, for his waiver has extinguished any error." *People v Carter*, 462 Mich 206, 215; 612 NW2d 144 (2000) (cleaned up). In its trial-court brief opposing defendant's motion for summary disposition, plaintiff argued that it was "manifestly incorrect" to apply the UCC to determine the limitations period applicable to its claim-and-delivery action. At oral argument on that motion, plaintiff continued to insist that the UCC did not apply to this case. Therefore, plaintiff has affirmatively waived its current argument that the six-year limitations period found in either Article 3 or Article 9 of the UCC applies to this case.

Moreover, plaintiff waived this argument, in a second and distinct manner, at oral argument on defendant's motion for summary disposition. The trial court asked defense counsel whether they were "looking at a four year statute," to which defense counsel responded "if it was under the UCC." We interpret defense counsel's statement at oral argument as an express acknowledgement that, if the UCC applies to this case, the applicable limitations period is four years. Therefore, plaintiff has affirmatively waived its current argument that the six-year limitations period found in either Article 3 or Article 9 of the UCC applies to this case.

Plaintiff next argues that, even if the four-year limitations period set forth in Article 2 of the UCC applies in this case, this action is not time-barred because the four-year period has not yet run. Plaintiff argues that (1) claims on an installment contract accrue as each installment falls due; (2) defendant continued to make payments on the installment contract, even after the federal bankruptcy court discharged the debt related to the purchase of the mobile home; and (3) even if the four-year limitations period does apply, it was revived with each of defendant's

installment payments, and its cause of action therefore did not accrue until defendant's last voluntary payment on October 26, 2016.

Because plaintiff did not raise these arguments until its trial-court motion for reconsideration, these arguments are unpreserved. "Where an issue is first presented in a motion for reconsideration, it is not properly preserved." *Vushaj v Farm Bureau Gen Ins Co of Mich*, 284 Mich App 513, 519; 773 NW2d 758 (2009). Appellate consideration of unpreserved claims of error is disfavored, *People v Frazier*, 478 Mich 231, 241; 733 NW2d 713 (2007), and we decline to address plaintiff's unpreserved claims of error in this case.

Affirmed. Defendant, having prevailed in full, may tax costs under MCR 7.219(F).

/s/ Douglas B. Shapiro
/s/ Elizabeth L. Gleicher
/s/ Brock A. Swartzle