*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

ERIN LOCKEY,

Plaintiff-Appellee,

v

BARRY JENKINS,

Defendant-Appellant.

UNPUBLISHED
July 21, 2022

No. 357311
Bay Circuit Court
Family Division
LC No. 09-007228-DP

Before: MARKEY, P.J., and BOONSTRA and RIORDAN, JJ.

PER CURIAM.

Defendant appeals by right the trial court's order finding him in contempt of court and sentencing him to 93 days in jail, with 76 days held in abeyance. The trial court also ordered defendant to pay to plaintiff's counsel $1,200 in attorney fees. We affirm.

## I. PERTINENT FACTS AND PROCEDURAL HISTORY

In 2009, plaintiff filed a complaint against defendant regarding the paternity of their minor child, EJ. On July 30, 2009, the trial court entered a consent judgment of filiation awarding sole legal and physical custody of EJ to plaintiff, with defendant receiving parenting time and paying child support. The most recent parenting time order was entered on May 17, 2018, and provided that defendant's parenting time was to take place every other Friday from the time EJ was dismissed from school until the following Monday morning.

On April 7, 2021, defendant filed an emergency motion for change of custody, alleging that plaintiff's boyfriend had physically abused EJ. On April 9, 2021, the trial court declined to decide defendant's motion on an emergency basis, holding that further factual development was required to support defendant's claims and setting a hearing for April 23, 2021.

On April 13, 2021, plaintiff filed an ex parte motion for the return of EJ and to schedule a show cause hearing regarding whether defendant should be held in contempt of court; plaintiff asserted that defendant violated the 2018 parenting time order by picking EJ up from school on April 7, 2021 outside of his scheduled parenting time. Plaintiff further alleged that defendant

-1-

refused to return EJ to plaintiff. On April 14, 2021, the trial court entered an ex parte order for the immediate return of EJ and an order to show cause.

At a hearing held on April 23,2021, the trial court addressed both defendant's motion for change of custody and plaintiff's motion to show cause. Plaintiff was represented by counsel; defendant was not. The trial court informed defendant, with respect to plaintiff's motion, that it had signed an order on April 14, 2021 requiring defendant to return the minor child to plaintiff. The court further stated to defendant that "[i]t's my understanding . . . that order was served on you by the Saginaw police department and you refused to comply with [the] order. We will be dealing with that as well." The trial court then informed defendant of his right to an attorney, and that if defendant were found in contempt, he could be sentenced to up to 93 days in jail. Defendant requested that the trial court appoint an attorney to represent him. The trial court agreed to appoint an attorney and to address the contempt issue at a later hearing. The trial court then denied defendant's motion for change of custody, holding that defendant had failed to present any evidence to support his allegations. The court also entered an order noting that the contempt hearing was "for disobeying 4-14-20 order."

On May 4, 2021, the trial court held a show cause hearing; both parties were represented by counsel. Defendant admitted to picking up EJ on April 7, 2021 despite not being scheduled for parenting time until April 9, and to not returning EJ until April 15, 2021. Defendant also admitted that the police had served him with a copy of the April 14, 2021 order for the immediate return of EJ.

After hearing the testimony presented, the trial court determined that it was "abundantly clear that [defendant] violated two orders of [the] Court." The trial court held that defendant had violated the May 18, 2021 parenting time order by picking EJ up from school on April 7, 2021, when he was not authorized to do so. Although defendant expressed he had a reason for doing so, the trial court found that "there's been no evidence that that reason is true." The trial court further stated that it would "treat this as one count of contempt because there's a second order . . . April the 14th ordering the immediate return of the child. That too was defied by [defendant]."

The trial court sentenced defendant as described, and subsequently denied his motion reconsideration. This appeal followed.

## II. DUE PROCESS

Defendant argues that the trial court violated his due-process rights by failing to advise him that there were two contempt charges against him, not one. We disagree. This Court generally reviews for an abuse of discretion a trial court's order finding a party in contempt of court. *Arbor Farms, LLC v GeoStar Corp*, 305 Mich App 374, 386; 853 NW2d 421 (2014). We review for clear error the trial court's findings of fact in a contempt proceeding. *Id*. "Whether a party has been afforded due process is a question of law, subject to review de novo." *In re Contempt of Henry*, 282 Mich App 656, 668; 765 NW2d 44 (2009).

However, "where an issue is first presented in a motion for reconsideration, it is not properly preserved." *Vushaj v Farm Bureau Gen Ins Co of Mich*, 284 Mich App 513, 521; 773 NW2d 758 (2009). Our review then is for plain error affecting substantial rights. *Kern v Blethen-*

-2-

*Coluni*, 240 Mich App 333, 336; 612 NW2d 838 (2000), citing *People v Carines*, 460 Mich 750, 763; 597 NW2d 130 (1999).

This Court has held that due-process safeguards differ depending on whether a contempt hearing is criminal or civil in nature. *Porter v Porter*, 285 Mich App 450, 456-457; 776 NW2d 377 (2009). "While due process does not require that an individual charged with criminal contempt be afforded all of the safeguards of [] an ordinary criminal trial, he is entitled to be informed of the nature of the charge against him and to be given adequate opportunity to prepare his defense and to secure the assistance of counsel." *In re Contempt of Rochlin*, 186 Mich App 639, 648-649; 465 NW2d 388 (1990) (citation omitted). "A defendant charged with contempt is entitled to be informed not only whether the contempt proceedings filed against him are civil or criminal, but also the specific offenses with which he is charged." *Id.* at 649 (citation omitted).

In this case, the record shows that defendant was given notice of all charges against him. First, defendant was properly notified of the pending contempt charge for violating the trial court's May 17, 2018 parenting time order. Plaintiff's April 13, 2021 ex parte motion alleged that defendant had violated that order. On April 14, 2021, the trial court entered an order granting plaintiff's motion and scheduling a show cause hearing. The trial court's order provided defendant with notice that he was to respond to claims that he was in violation of the trial court's May 17, 2018 order.

During the April 23, 2021 hearing, the trial court also informed defendant that it had signed an order on April 14, 2021, requiring defendant to return the minor child to plaintiff. The court further stated to defendant that "[i]t's my understanding . . . that order was served on you by the Saginaw police department and you refused to comply with [the] order. We will be dealing with that as well." The court then informed defendant of his right to an attorney, and that if defendant were found in contempt, he could be sentenced to up to 93 days in jail. It is clear from context that the trial court intended—and notified defendant of its intent—to address (at the May 4, 2021 show cause hearing) not only the initial violation of its May 17, 2018 parenting time order, but also the additional violation of its April 14, 2021 order. This was expressly confirmed by the court's April 23, 2021 order. Defendant has not demonstrated plain error affecting his substantial rights. *Kern*, 240 Mich App at 336.

Defendant also argues that the trial court failed to make specific findings of fact regarding the contempt charge for violating the April 14 order. Defendant waived this issue by failing to raise it in the statement of questions presented. See *Seifeddine v Jaber*, 327 Mich App 514, 521; 934 NW2d 64 (2019). In any event, the record shows that the trial court determined that defendant did not return EJ after being served with the April 14 order by police. Defendant has not demonstrated plain error affecting his substantial rights. *Kern*, 240 Mich App at 336.

## III. ATTORNEY FEES

Defendant also argues that the trial court erred by failing to conduct an evidentiary hearing regarding the reasonableness of the attorney fee award, after defendant challenged the award in his motion for reconsideration. We disagree. We review this unpreserved issue for plain error. *Vushaj*, 284 Mich App at 521; *Kern*, 240 Mich App at 336.

A trial court has authority to order payment of attorney fees in a criminal contempt proceeding as a result of the defendant's conduct. *In re Contempt of Henry*, 282 Mich App at 685. MCL 600.1721 authorizes a court to impose compensatory sanctions for violation of a court order; it provides that "[i]f the alleged misconduct has caused an actual loss or injury to any person the court shall order the defendant to pay such person a sufficient sum to indemnify him, in addition to the other penalties which are imposed upon the defendant." "The trial court should normally hold an evidentiary hearing when the opposing party challenges the reasonableness of a fee request." *Head v Phillips Camper Sales & Rental, Inc*, 234 Mich App 94, 113; 593 NW2d 595 (1999). However, when an issue is raised for the first time in a motion for reconsideration, a trial court has discretion "to decline to consider new legal theories or evidence that could have been presented when the motion was initially decided." *Yoost v Caspari*, 295 Mich App 209, 220; 813 NW2d 783 (2012). "A circuit court does not err by declining to consider legal arguments raised for the first time in a motion for reconsideration." *Pierron v Pierron*, 282 Mich App 222, 264; 765 NW2d 345 (2009).

In this case, the trial court did not hold an evidentiary hearing to address the reasonableness of the attorney fees. Plaintiff's counsel informed the trial court that plaintiff owed $1,200 dollars for legal work performed as a result of defendant's actions in failing to return EJ, and sought an award of attorney fees for that amount. Defendant's counsel did not object to the amount of the award or ask the trial court to determine the reasonableness of the fee. Because defendant had the opportunity to challenge the reasonableness of the attorney fees during the contempt hearing, the trial court acted within its discretion by declining to consider the arguments raised in his motion for reconsideration. *Yoost*, 295 Mich App at 220.

## IV. ADVICE OF APPELLATE RIGHTS

Defendant also argues that trial court failed to advise defendant during the contempt hearing of his right to appeal. Defendant has abandoned this issue by failing to provide legal support for his position that the trial court owed defendant, who was represented by counsel, a duty to inform him on the record of his appellate rights in a contempt proceeding. "This Court will not search for authority either to sustain or reject a party's position. Where a party fails to cite any supporting legal authority for its position, the issue is effectively abandoned." *Schellenberg v Rochester Mich Lodge No 2225*, 228 Mich App 20, 49; 577 NW2d 163 (1998). In any event, even if the court rules required the trial court to inform defendant of his appellate rights on the record, the record shows that defendant was in fact appointed appellate counsel shortly after the May 4, 2021 hearing and timely pursued an appeal. Defendant has not demonstrated prejudice. See *People v Lane*, 453 Mich 132, 139; 551 NW2d 382 (1996) (holding that "failure to strictly adhere to the court rules in and of itself does not mandate reversal").

Affirmed.

/s/ Jane E. Markey
/s/ Mark T. Boonstra
/s/ Michael J. Riordan

-4-