*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

*In re* PRICE, Minor.

UNPUBLISHED
January 19, 2023

No. 362113
Kent Circuit Court
LC No. 14-195392-LG

Before: RIORDAN, P.J., and MARKEY and REDFORD, JJ.

PER CURIAM.

Respondent-father appeals by right the trial court's denial of his petition to terminate the limited guardianship and the denial of his motion for reconsideration. We affirm.

## I. BACKGROUND

This case originated in 2014 when the minor child's mother filed for a limited guardianship placement plan for the child. At that time, the child's biological father was unknown. In 2015 during a period of incarceration, testing established respondent as the child's biological father. Later in 2015, the court appointed the child's maternal aunt as her guardian and she continued to be the child's guardian. In March 2022, respondent petitioned to terminate the limited guardianship and requested that the child be placed in his custody. According to respondent, he obtained release from incarceration in February 2022. The Department of Health and Human Services (DHHS) completed an investigative report regarding respondent's petition. The report stated that the 10-year-old child had lived with the guardian from age 4 and desired to continue living with the guardian. The DHHS investigator opined that it would be harmful to the child's mental health to move to respondent's house at that time. The report recommended that the petition to terminate the limited guardianship be denied.

After a brief hearing, the trial court determined that the minor child's best interests would be best served by continuation of the limited guardianship and denied respondent's petition. On May 6, 2022, the trial court entered an order denying respondent's petition to terminate the guardianship. On the same day, the trial court entered a second order finding that the parent of the minor, a reference to respondent, had not substantially complied with the limited guardianship placement plan and that it was in the best interests of the child that the guardianship be continued.

In May 2022, respondent moved for reconsideration arguing that he never agreed to the placement plan which was filed before his parentage was established. Respondent also argued that

he had not been served with any of the documents at the initiation of the guardianship, because, as respondent acknowledged, it was not known at that time that he was the father. Respondent asserted that he had established that he could provide for the child's needs and granting him custody would improve the child's living conditions. The trial court denied respondent's motion for reconsideration. Respondent now appeals.

## II. STANDARD OF REVIEW

We review the trial court's ruling regarding a motion for reconsideration for an abuse of discretion. *Churchman v Rickerson*, 240 Mich App 223; 611 NW2d 333 (2000). We similarly review for an abuse of discretion a probate court's dispositional rulings and review for clear error the factual findings underlying the court's decision. *In re Portus*, 325 Mich App 374, 381; 926 NW2d 33 (2018). "An abuse of discretion occurs when the probate court chooses an outcome outside the range of reasonable and principled outcomes." *Id*. (quotation marks and citation omitted). An error of law is necessarily an abuse of discretion. *Id*. "A probate court's finding is clearly erroneous when a reviewing court is left with a definite and firm conviction that a mistake has been made, even if there is evidence to support the finding." *Id*. (quotation marks and citation omitted). Matters of statutory interpretation are reviewed de novo. *Id*.

## III. ANALYSIS

Respondent argues that the trial court abused its discretion when it denied his petition to terminate the limited guardianship and also abused its discretion when it denied his motion for reconsideration. We disagree.

MCL 700.5208 provides:

(1) A minor's parent or parents may petition the court to terminate a guardianship for the minor as follows:

(a) If the guardianship is a limited guardianship, the parents or the sole parent with a right to custody of the minor.

(b) If the guardianship was established under section 5204, the minor's parent or parents.

(2) If a petition is filed to terminate a guardianship under this section, the court may do 1 or more of the following:

(a) Order the family independence agency or a court employee or agent to conduct an investigation and file a written report of the investigation regarding the best interests of the minor or give testimony concerning the investigation.

(b) Utilize the community resources in behavioral sciences and other professions in the investigation and study of the best interests of the minor and consider their recommendations for the disposition of the petition.

(c) Appoint a guardian ad litem or attorney to represent the minor.

(d) Take any other action considered necessary in a particular case.

(3) This section and section 5209 apply to all guardianships established before, on, or after the effective date of this section.

MCL 700.5209(1) provides:

After notice and hearing on petition under [MCL 700.5208] to terminate a limited guardianship, the court shall terminate the limited guardianship if it determines that the minor's parent or parents have substantially complied with the limited guardianship placement plan. The court may enter orders to facilitate the minor's reintegration into the home of the parent or parents for a period of up to 6 months before the termination.

However, if MCL 700.5209(1) does not apply to the petition to terminate a guardianship, in other words, if the petition to terminate the limited guardianship is not filed by "the parents or the sole parent with a right to custody of the minor" such that the petition to terminate was not governed by MCL 700.5208, the trial court may do any of the following upon receipt of a petition to terminate a limited guardianship:

(a) Terminate the guardianship if the court determines that it is in the best interests of the minor . . . .

* * *

(b) Continue the guardianship for not more than 1 year after the hearing date if the court determines that it is in the best interests of the minor, and do any of the following:

(*i*) If the guardianship is a limited guardianship, order the parent or parents to comply with 1 of the following:

(A) The limited guardianship placement plan.

(B) A court-modified limited guardianship placement plan.

[MCL 700.5209(2).]

In this case, we first analyze whether MCL 700.5208 applied to the petition to terminate the guardianship because it governs the actions the trial court could undertake in response to the petition. See MCL 700.5209. The guardianship at issue here is a limited guardianship. However, the petition to terminate the guardianship filed by respondent, was not filed by either "the parents" or "the sole parent with a right to custody of the minor." MCL 700.5208(1)(a). It is undisputed that only respondent filed the petition to terminate. Both of the child's parents, therefore, did not file the petition. Further, the evidence does not establish that respondent is the sole parent with a right to custody of the child. No evidence establishes that the child's biological mother does not have a right to custody of the child. Therefore, respondent's petition was not brought under MCL 700.5208.

Because respondent did not file his petition to terminate under MCL 700.5208, then MCL 700.5209(2) governed, and not MCL 700.5209(1). Under MCL 700.5209(2), the trial court had the authority to either terminate the guardianship if it determined that doing so served the best interests of the child, or continue the guardianship for not more than one year after the hearing date if the trial court determined such to be in the child's best interests. MCL 700.5209(2)(a), (b).

In this case, the trial court determined that continuation of the guardianship for a period not to exceed one year served the child's best interests and it entered an order reflecting that decision. In so doing, the trial court did not abuse its discretion because it acted under the authority granted to it by MCL 700.5209(2)(b). See *In re Portus*, 325 Mich App at 381. This determination did not require a finding that respondent had not substantially complied with the limited guardianship placement plan. Compare MCL 700.5209(1) with MCL 700.5209(2)(b).

We also are not persuaded by respondent's argument that the trial court's opinion regarding the guardian's moral fitness required a professional evaluation. Respondent cites no authority that suggests that this is a finding that requires a professional evaluation. Moreover, the DHHS's investigative report supported the finding that respondent had been in an on-and-off relationship. Although that appears to be of limited probative value to the question at issue before the trial court, it was only one of several factors considered that led the trial court to determine that continuation of the guardianship served the child's best interests. The evidence also established that the child wanted to remain with the guardian, that the child had lived with the guardian for most of her life, and that the child had only known respondent for a short period and they were in the process of becoming comfortable in their relationship.

Respondent's argument regarding any notice issue with the limited guardianship placement plan is not relevant to the trial court's disposition of respondent's petition to terminate and, therefore, not relevant to this appeal.[1] In MCL 700.5209(2), the relevant statute in this matter, the limited guardianship placement plan is not a consideration.

It appears that confusion about the limited guardianship placement plan arises from the form order that the trial court used. In its findings and conclusions made on the record at the hearing, the trial court analyzed whether terminating the guardianship served the child's best interests and concluded that the guardianship should be continued. The trial court did not make any reference to a limited guardianship placement plan at the hearing. The lower court record contains a limited guardianship placement plan for the child's biological mother, but no such document for respondent. The limited guardianship placement plan had been completed by the mother before it was known that respondent was the child's father.

In the form order completed by the trial court following the hearing, the trial court checked the boxes associated with the following phrase:

---

[1] Respondent first raised the issue of deficient service in his motion for reconsideration. Therefore, that issue is not preserved for appeal. See *Vushaj v Farm Bureau Gen Ins Co of Mich*, 284 Mich App 513, 519; 773 NW2d 758 (2009).

> The court finds . . . [t]his is a limited guardianship. The parent(s) of the minor has/have not substantially complied with the limited guardianship placement plan, and it is in the best interests of the minor that the guardianship be continued.

This form language in the trial court's order adds a finding—that respondent has not substantially complied with the limited guardianship placement plan. That was not addressed at all in the hearing, the DHHS investigation report, or any of the filings. Moreover, such finding is not necessary for the trial court to deny respondent's motion to terminate the guardianship. This language is clearly a reference to the findings required under MCL 700.5209(1), but it does not accurately state the required findings for a motion to terminate governed by MCL 700.5209(2).

For a petition to terminate a guardianship in which MCL 700.5209(1) does not apply, the trial court may "[c]ontinue the guardianship for not more than 1 year after the hearing date if the court determines that it is in the best interests of the minor." MCL 700.5209(2)(b). This course of action does not require a finding regarding respondent's compliance with the limited guardianship placement plan. To the extent that the trial court found that respondent did not substantially comply with the limited guardianship placement plan, that finding appears to be in error. That error, however, does not require reversal because, to continue the limited guardianship, the trial court only needed to find that it served the child's best interests to do so. See MCL 700.5209(2)(b).

Because the trial court did not abuse its discretion when it denied respondent's petition to terminate the guardianship, it also did not abuse its discretion when it denied respondent's motion for reconsideration.

Affirmed.

/s/ Michael J. Riordan
/s/ Jane E. Markey
/s/ James Robert Redford