LIVING ALTERNATIVES FOR THE DEVELOPMENTALLY
DISABLED, INC v DEPARTMENT OF MENTAL HEALTH

Docket No. 155540. Submitted August 9, 1994, at Lansing. Decided
August 22, 1994; approved for publication November 18, 1994,
at 9:10 A.M.

Living Alternatives for the Developmentally Disabled, Inc., en-
tered into contracts with the Department of Mental Health for
the operation of group homes for the developmentally disabled.
Following an audit, the department determined that funds had
been misallocated and that the funds would be recouped in the
form of a reduction in future funding for Living Alternatives.
Living Alternatives contested the auditor's conclusions, and a
review and appeal process followed pursuant to the terms of
the parties' contracts. Living Alternatives pursued its appeal
through all the levels established within the department. After
the department rendered its final decision against Living Alter-
natives, Living Alternatives filed an action in the Court of
Claims alleging breach of contract. The court, Peter D. Houk,
J., granted summary disposition for the department, holding
that the contracts limited the plaintiff's avenue of relief to an
appeal of the administrative decision.

The Court of Appeals *held:*

1. Plaintiff concedes that this is not a contested case and that
the Administrative Procedures Act does not apply.

2. Pursuant to MCL 600.631; MSA 27A.631 and MCR 7.101(B)
(1)(a), the plaintiff had twenty-one days from the date of final
agency action to appeal as of right. The plaintiff failed to do so,
and, therefore, the trial court properly granted the depart-
ment's motion to dismiss on the basis of lack of jurisdiction.

Affirmed.

1. ADMINISTRATIVE LAW — APPEAL — AVENUES OF RELIEF.

A litigant seeking judicial review of a decision by an administra-
tive agency has three potential avenues of relief: the review

REFERENCES

Am Jur 2d, Administrative Law §§ 548, 549, 606; Appeal and Error
§ 587.

See ALR Index under Appeal and Error.

prescribed in the statute applicable to the particular agency, an appeal pursuant to the statute establishing jurisdiction for such review in the circuit court, or the method of review provided by the Administrative Procedures Act (MCL 24.201 *et seq.*, 600.631; MSA 3.560[101] *et seq.*, 27A.631).

2. APPEAL — THEORIES OF PARTIES.

A party may not take a position in the trial court and subsequently seek redress in an appellate court that is based on a position contrary to that taken in the trial court.

*Garrett & Maksym, P.C.* (by *John A. Maksym*), for the petitioner.

*Frank J. Kelley,* Attorney General, *Thomas L. Casey,* Solicitor General, *Clive D. Gemmill* and *Mark S. Meadows,* Assistant Attorneys General, for the Department of Mental Health.

Before: FITZGERALD, P.J., and BRENNAN and J. M. BATZER,* JJ.

PER CURIAM. Plaintiff appeals as of right from a Court of Claims order dismissing its breach of contract action against the Department of Mental Health (DMH). We affirm.

Plaintiff operates group homes for the developmentally disabled. Plaintiff entered into contracts with the DMH for the operation of the homes. Following an audit performed for the years 1986-87 and 1987-88, defendant determined that plaintiff had misallocated funds from one scheduled account into another scheduled account and that the monies would be recouped in the form of a reduction of future funding.

Plaintiff contested the auditor's conclusions and a review and appeal process followed pursuant to the terms of the contracts between the parties. Petitioner pursued its appeal through all levels

* Circuit judge, sitting on the Court of Appeals by assignment.

established within the DMH. On December 2, 1991, the DMH tendered its final decision requiring plaintiff to repay $38,944 to the state.

On March 27, 1992, plaintiff filed the present breach of contract action in the Court of Claims. The Court of Claims dismissed the action on jurisdictional grounds, holding that the contracts between the parties limited plaintiff's avenue of relief to an appeal of the administrative decision.

Litigants seeking judicial review of decisions by administrative agencies have three potential avenues of relief: review prescribed in the statutes applicable to the particular agency; appeal pursuant to MCL 600.631; MSA 27A.631, which allows appeals from such decisions to the circuit court; or the method of review provided by the Administrative Procedures Act (APA), MCL 24.201 *et seq.*; MSA 3.560(101) *et seq. Nestell v Bridgeport-Spaulding Community Schools Bd of Ed,* 138 Mich App 401; 360 NW2d 200 (1984).

On appeal, plaintiff first contends that it had a right to administrative appeal pursuant to the method of review provided by the APA because this is a "contested case." However, at the time of the hearing with regard to the DMH's motion to dismiss, plaintiff conceded that this is not a contested case and that the APA does not apply. A party may not take a position in the trial court and subsequently seek redress in an appellate court that is based on a position contrary to that taken in the trial court. See, e.g., *People v Buck,* 197 Mich App 404, 423; 496 NW2d 321 (1992).

Further, plaintiff's argument that it has no avenue of review other than that provided by the APA is without merit. In the absence of an appeal pursuant to the provisions of the APA, court review of decisions of administrative agencies is governed by MCL 600.631; MSA 27A.631, which provides:

> An appeal shall lie from any order, decision, or opinion of any state board, commission, or agency, authorized under the laws of this state to promulgate rules from which an appeal or other judicial review has not otherwise been provided for by law, to the circuit court of the county of which the appellant is a resident or to the circuit court of Ingham county, which court shall have and exercise jurisdiction with respect thereto as in nonjury cases. Such appeals shall be made in accordance with the rules of the supreme court.

Thus, plaintiff had twenty-one days from the date of the final agency action to appeal as of right, MCR 7.101(B)(1)(a), and failed to do so.[1] Hence, the trial court properly granted the DMH's motion to dismiss on the basis of lack of jurisdiction.

Affirmed.

---

[1] Plaintiff's argument that the trial court had discretion to maintain jurisdiction under MCR 7.105(B)(2) is misplaced. That rule permits a court to retain an action incorrectly initiated under some other rule *if it is timely filed.* Thus, the trial court could have retained the action as if it had been brought pursuant to MCR 7.101(B)(1)(a) only if the action had been timely under that rule.