# STATE OF MICHIGAN

# COURT OF APPEALS

THE STATE BANK,

        Plaintiff/Counter-Defendant-
        Appellant,

v

DALE M. SMITH,

        Defendant/Counter-Plaintiff,

and

J. P. MORGAN CHASE BANK, N.A.,

        Defendant-Appellee.

UNPUBLISHED
November 13, 2014

No. 317496
Oakland Circuit Court
LC No. 12-126946-CK

Before: WHITBECK, P.J., and FITZGERALD and MURRAY, JJ.

PER CURIAM.

In this wrongful dishonor case, plaintiff/counter-defendant, The State Bank ("plaintiff"), appeals as of right an order granting summary disposition pursuant to MCR 2.116(C)(10) in favor of defendant, J. P. Morgan Chase Bank, N.A. ("Chase"). We affirm.

## I. FACTS

On March 26, 2012, defendant/counter-plaintiff, Dale M. Smith ("Smith"), presented a cashier's check in the amount of $294,500.99 for deposit in his IOLTA account with plaintiff. The check appeared to be a cashier's check drawn on Chase bank. Plaintiff accepted the check for deposit. The following day, March 27, 2012, Smith requested that plaintiff wire approximately $275,000 from his account to an account in Japan. Before performing this transfer, plaintiff contacted a local Chase branch and spoke to a representative. According to plaintiff, this representative "confirmed the check number, the account number, verified the amount in the check and represented there were no stop-payment orders placed on the item." Plaintiff processed the wire transfer request.

On March 28, 2012, Chase returned the check to plaintiff with the notation "refer to maker." Plaintiff presented the check to Chase for payment a second time, and Chase again returned the check to plaintiff. According to Elizabeth Roush, a Vice President and

-1-

Reconciliation Manager for Chase, the cashier's check was "different from the form of official cashier's checks issued by Chase." The check number had an incorrect number of digits, did not include "a printed audit number to indicate its validity[,]" did not have the proper signature, and was missing a security symbol. At her deposition, Roush explained that only one authorized signature exists for all cashier's checks drawn on the account number printed on the cashier's check. This signature is electronically printed on all checks issued by Chase retail branches. Roush was immediately able to identify that the check was not issued by Chase because the signature was not an authorized signature for that account. Roush did not know who signed the check.

On May 16, 2012, plaintiff filed a complaint against Smith and Chase. In its only count against Chase, plaintiff alleged that Chase wrongfully dishonored the check. Chase filed a motion for summary disposition, arguing that it was not obligated to pay the check because the check did not contain a signature authorized by Chase. Plaintiff responded, arguing that, because it was a holder in due course of the check, Chase was obligated to pay the check regardless of whether the signature was authorized. Plaintiff also argued that, pursuant to the doctrine of equitable estoppel, Chase was estopped from denying that plaintiff was a holder in due course of the cashier's check. The trial court granted Chase's motion, ruling that even if plaintiff was a holder in due course, because the signature on the check was unauthorized, Chase was not obligated by it. The trial court subsequently denied plaintiff's motion for reconsideration of this order.

## II. DISCUSSION

### A. CHASE'S OBLIGATION ON THE INSTRUMENT

Plaintiff first argues that the trial court erred when it determined that, despite its unchallenged status as a holder in due course of the check, Chase had no obligation to pay the check because it did not contain an authorized signature. We disagree.

Chase moved for summary disposition pursuant to MCR 2.116(C)(10). As our Supreme Court explained in *Maiden v Rozwood*, 461 Mich 109, 120; 597 NW2d 817 (1999):

> A motion under MCR 2.116(C)(10) tests the factual sufficiency of the complaint. In evaluating a motion for summary disposition brought under this subsection, a trial court considers affidavits, pleadings, depositions, admissions, and other evidence submitted by the parties, MCR 2.116(G)(5), in the light most favorable to the party opposing the motion. Where the proffered evidence fails to establish a genuine issue regarding any material fact, the moving party is entitled to judgment as a matter of law.

Review of a grant or denial of summary disposition is reviewed de novo on appeal. *Walters v Nadell*, 481 Mich 377, 382; 751 NW2d 431 (2008). "The reviewing court should evaluate a motion for summary disposition under MCR 2.116(C)(10) by considering the substantively admissible evidence actually proffered in opposition to the motion." *Maiden*, 461 Mich at 121.

A cashier's check is a type of instrument recognized by Michigan's Uniform Commercial Code ("UCC"), MCL 440.1101 *et seq*. See MCL 440.3104. Pursuant to MCL 440.3401(1), "A

person is not liable on an instrument unless (*i*) the person signed the instrument, or (*ii*) the person is represented by an agent or representative who signed the instrument and the signature is binding on the represented person under [MCL 440].3402." As the official comment[1] to this provision explains, "Obligation on an instrument depends on a signature that is binding on the obligor." MCL 440.3401, comment 1. MCL 440.3403(1) further states, "Unless otherwise provided in this article or article 4, [MCL 440.4101 *et seq*.,] an unauthorized signature is ineffective except as the signature of the unauthorized signer in favor of a person who in good faith pays the instrument or takes it for value. An unauthorized signature may be ratified for all purposes of this article."

It is undisputed that the cashier's check contains only an unauthorized signature. Plaintiff was apparently aware of this fact at the time it filed its complaint, where it alleged that the check was "not authentic [and] was not authorized . . . ." Chase attached to its motion the affidavit of Roush, who explained that the check did "not have the proper signature on it[.]" At her deposition, Roush explained that there was only one authorized signature for all cashier's checks issued by Chase retail banks. Roush stated that she immediately knew the check was not issued by Chase because the signature on the check was not the authorized signature. As there is no evidence that the check was authorized by Chase, Chase cannot be obligated to pay the check. MCL 440.3401(1). The only person obligated by the check is the unknown individual who actually signed it, and only if plaintiff, in good faith, paid the check or took it for value. MCL 440.3403(1).

Relying upon MCL 440.3305(1), plaintiff argues that it was a holder in due course of the cashier's check, and as such, is entitled to enforce it, despite the lack of an authorized signature. Plaintiff's argument is without merit. As MCL 440.3305(1) provides:

> Except as otherwise provided in this section, the right to enforce the obligation of a party to pay an instrument is subject to the following:
>
> (a) A defense of the obligor based on (*i*) infancy of the obligor to the extent it is a defense to a simple contract, (*ii*) duress, lack of legal capacity, or illegality of the transaction which, under other law, nullifies the obligation of the obligor, (*iii*) fraud that induced the obligor to sign the instrument with neither knowledge nor reasonable opportunity to learn of its character or its essential terms, or (*iv*) discharge of the obligor in insolvency proceedings.

---

[1] As this Court stated in *Prime Fin Servs LLC v Vinton*, 279 Mich App 245, 260 n 6; 761 NW2d 694 (2008):

> Although the official comments do not have the force of law, they are useful aids to interpretation and construction of the UCC. Further, the comments were intended to promote uniformity in the interpretation of the UCC. Therefore, it is appropriate for this Court to consider the official comments when interpreting Michigan's UCC.

(b) A defense of the obligor stated in another section of this article or a defense of the obligor that would be available if the person entitled to enforce the instrument were enforcing a right to payment under a simple contract.

(c) A claim in recoupment of the obligor against the original payee of the instrument if the claim arose from the transaction that gave rise to the instrument, but the claim of the obligor may be asserted against a transferee of the instrument only to reduce the amount owing on the instrument at the time the action is brought.

(2) The right of a holder in due course to enforce the obligation of a party to pay the instrument is subject to defenses of the obligor stated in subsection (1)(a), but is not subject to defenses of the obligor stated in subsection (1)(b) or claims in recoupment stated in subsection (1)(c) against a person other than the holder.

Plaintiff argues that Chase is obligated to pay the check because forgery is not one of the defenses listed under MCL 440.3305(1)(a), the defenses which may be raised against a holder in due course, MCL 440.3305(2). Accordingly, plaintiff believes Chase may not defend against enforcement of the check on the basis of forgery because plaintiff is a holder in due course, and forgery is not a defense listed in MCL 440.3305(1)(a). Plaintiff errs by ignoring that the defenses stated in MCL 440.3305(1)(a)-(c) are only relevant when "the right to enforce the *obligation* of a party to pay an instrument" is at issue. MCL 440.3305(1) (emphasis supplied). MCL 440.3305(2) discusses when certain defenses are available or unavailable to an *obligor*, i.e., someone who is first obligated to pay an instrument, against a holder in due course. As explained, Chase has no obligation to pay the check because it did not sign the check, nor did it authorize the signature that appears on the check. MCL 440.3401(1). Thus, Chase is not an obligor, and has no need for any of the defenses discussed in MCL 440.3305. Whether plaintiff is a holder in due course is entirely irrelevant, as that fact only becomes relevant if there is an obligation to enforce. MCL 440.3305(2).

Plaintiff cites to *South Central Bank of Daviess Co v Lynnville Nat'l Bank*, 901 NE2d 576 (Ind App, 2009), and *Hotel Riviera, Inc v First Nat'l Bank and Trust Co of Oklahoma City, Oklahoma*, 768 F2d 1201 (CA 10, 1985), as support. Neither case offers support for plaintiff's theory, as both cases involved cashier's checks that were authorized, but were later dishonored because of fraud underlying the transaction that led to a bank authorizing a cashier's check. See *South Central Bank*, 901 NE2d at 578-581 (check authorized in return for a security interest in a manufactured home; it was later discovered that the would-be builder of the home had defrauded the purchasers, to whom the check was issued); *Hotel Riviera, Inc*, 768 F2d at 1202 (cashier's check paid for with forged instruments).

Plaintiff argues that MCL 440.3412 obligates Chase to pay the cashier's check "regardless of whether or not it actually issued the item because [plaintiff] is a holder in due course." As MCL 440.3412 provides:

The issuer of a note or cashier's check or other draft drawn on the drawer is obliged to pay the instrument (*i*) according to its terms at the time it was issued or, if not issued, at the time it first came into possession of a holder, or (*ii*) if the

-4-

issuer signed an incomplete instrument, according to its terms when completed, to the extent stated in [MCL 440.]3115 and [MCL 440.]3407. The obligation is owed to a person entitled to enforce the instrument or to an endorser who paid the instrument under [MCL 440.]3415.

The commentary to this provision notes that it "states the obligation of the maker of a note" and that it "also applies to the issuer of a cashier's check or other draft drawn on the drawer." MCL 440.3412, comment 1. This statute simply defines the precise obligations of one who is obligated to pay a cashier's check. It does not attempt to redefine what must exist before one becomes obligated to pay a cashier's check – an authorized signature. MCL 440.3401(1).

Plaintiff primarily relies upon comment 2 to MCL 440.3412, which states, "Under [MCL 440.3105(2)] nonissuance of either a complete or incomplete instrument is a defense by a maker or drawer against a person that is not a holder in due course." MCL 440.3412, comment 2. It appears that plaintiff believes that "nonissuance" means that the party did not actually create or authorize the check, and accordingly, Chase may not refuse to honor the check against a holder in due course on the ground that it did not create or authorize the check. MCL 440.3105(1) defines "issue" as "the first delivery of an instrument by the maker or drawer, whether to a holder or nonholder, for the purpose of giving rights on the instrument." In short, "issue" does not refer to creation or authorization, it refers to delivery. MCL 440.3105(1). Chase does not argue, and the trial court did not decide, that Chase did not issue, i.e., deliver, the check. Rather, Chase argued, and the trial court agreed, that Chase was not obligated by the check because it did not sign it. Accordingly, MCL 440.3105, and the citation to this statute in comment 2 to MCL 440.3412, are of no relevance.

Finally, in its reply brief, plaintiff, relying on MCL 440.3308, argues that Chase cannot contest whether the check contained an authorized signature because it did not specifically contest the signature in its answer to plaintiff's complaint. This argument is not properly before this Court. Although Chase discusses MCL 440.3308 in its brief on appeal, it does so as support for its argument that, until the signature is proven to be authorized, plaintiff's status as a holder in due course is irrelevant. Plaintiff's reply does not rebut that argument, but instead, suggests an entirely different theory – that Chase is precluded from challenging whether the signature is authorized. "Reply briefs may contain only rebuttal argument, and raising an issue for the first time in a reply brief is not sufficient to present the issue for appeal." *Blazer Foods, Inc v Restaurant Props, Inc*, 259 Mich App 241, 252; 673 NW2d 805 (2003). Further, plaintiff never argued in the trial court that MCL 440.3308(1) precluded Chase from arguing that the signature was unauthorized. Quite the contrary, in its complaint, plaintiff asserted that the check was "not authentic [and] was not authorized . . . ." At the motion hearing, plaintiff stated that its "only claim against Chase is for wrongful dishonor *of a fraudulent cashier's check*. The basic facts aren't in dispute regarding the underlying fraud." " 'A party may not take a position in the trial court and subsequently seek redress in an appellate court that is based on a position contrary to that taken in the trial court.' " *Blazer Foods, Inc*, 259 Mich App at 252, quoting *Living Alternatives for the Developmentally Disabled, Inc v Dep't of Mental Health*, 207 Mich App 482, 484; 525 NW2d 466 (1994). For these reasons, we decline to consider plaintiff's argument.

-5-

## B. ESTOPPEL

Plaintiff next argues that principles of estoppel bar Chase from refusing to honor the cashier's check. We disagree. Equitable estoppel issues are reviewed de novo. *AFSCME Int'l Union v Bank One*, 267 Mich App 281, 293; 705 NW2d 355 (2005).

Citing the doctrine of equitable estoppel, plaintiff first argues that Chase should be estopped from denying that plaintiff was a holder in due course because of the representations made by a Chase representative regarding the check.[2] Chase did not deny that plaintiff was a holder in due course, and the trial court accepted that plaintiff was a holder in due course. But, as the trial court ruled, even if plaintiff was a holder in due course of the cashier's check, because the check did not contain an authorized signature, Chase was not obligated by the check. MCL 440.3401(1). Thus, whether Chase was estopped from denying that plaintiff was a holder in due course is irrelevant.

Plaintiff also argues that Chase should be estopped from denying that the check's signature was authorized. However, plaintiff did not raise this argument in the trial court. "Issues raised for the first time on appeal are not ordinarily subject to review." *Booth Newspapers, Inc v Univ of Michigan Bd of Regents*, 444 Mich 211, 234; 507 NW2d 422 (1993). Such issues are generally only considered if exigent circumstances exist, such as to prevent a miscarriage of justice or to resolve confusion created by earlier decisions. *Id*. at 234 n 23. We find no such exigent circumstances here, and decline to address the issue.

## C. MOTION FOR RECONSIDERATION

Finally, plaintiff argues that the trial court abused its discretion when it denied plaintiff's motion for reconsideration. We disagree. A trial court's decision on a motion for reconsideration is reviewed for an abuse of discretion. *Woods v SLB Prop Mgmt, LLC*, 277 Mich App 622, 629; 750 NW2d 228 (2008). An abuse of discretion occurs when the trial court reaches a decision falling outside the range of principled outcomes. *Woodard v Custer*, 476 Mich 545, 557; 719 NW2d 842 (2006).

Pursuant to MCR 2.119(F)(3):

> Generally, and without restricting the discretion of the court, a motion for rehearing or reconsideration which merely presents the same issues ruled on by the court, either expressly or by reasonable implication, will not be granted. The

---

[2] The trial court did not rule on this issue, rendering it unpreserved. *Hines v Volkswagen of America, Inc*, 265 Mich App 432, 443; 695 NW2d 84 (2005). However, "a party should not be punished for the omission of the trial court." *Klooster v City of Charlevoix*, 488 Mich 289, 310; 795 NW2d 578 (2011). "This Court may review an unpreserved issue if it is an issue of law for which all the relevant facts are available." *Vushaj v Farm Bureau Gen Ins Co of Mich*, 284 Mich App 513, 521; 773 NW2d 758 (2009). As the relevant facts are available, we may address the issue.

moving party must demonstrate a palpable error by which the court and the parties have been misled and show that a different disposition of the motion must result from correction of the error.

Plaintiff alleges that the trial court erroneously relied upon *Federal Fin Co v Chiaramonte*, unpublished memorandum opinion of the Superior Court of Connecticut, 1998 WL 727768 (Docket No. CV 950148828, October 5, 1998), and *Ingersoll-Rand Fin Corp v Anderson*, 921 F2d 497 (CA 3, 1990), when it found that Chase was not obligated by the cashier's check, despite plaintiff's status as a holder in due course. However, the trial court never mentioned either case at the motion hearing or in its written order. Rather, when discussing the issue with plaintiff, the trial court stated, "Then we also have a statute saying that even if there is a holder in due course if—if it's a non-authorized signature then only the person who signed it is on the hook. Even if you have a holder in due course." Thus, the trial court seemed to rely on statutory law, not case law. Further, a plain reading of plaintiff's reconsideration motion demonstrates that it was merely arguing the same position it had argued in response to Chase's motion – that its status as a holder in due course trumped the lack of an authorized signature on the check. The trial court did not abuse its discretion by denying the motion because the motion simply presented the same issue already ruled upon by the trial court. See MCR 2.119(F)(3). Furthermore, the trial court reached the correct result when it ruled on Chase's motion, and thus, plaintiff could not "show that a different disposition of the motion must result . . . ." MCR 2.119(F)(3). Accordingly, the trial court's decision to deny plaintiff's motion for reconsideration was not an abuse of discretion.

Affirmed.

/s/ William C. Whitbeck
/s/ E. Thomas Fitzgerald
/s/ Christopher M. Murray