*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

*In re* R. L. ORR, Minor.

UNPUBLISHED
April 21, 2022

No. 358853
Macomb Circuit Court
Juvenile Division
LC No. 2019-000158-NA

Before: JANSEN, P.J., and SAWYER and RIORDAN, JJ.

PER CURIAM.

Respondent-mother[1] appeals as of right the order terminating her parental rights to her minor child, RLO, under MCL 712A.19b(3)(c)(*i*) (conditions leading to adjudication still exist); MCL 712A.19b(3)(g) (failure to provide proper care); and MCL 712A.19b(3)(j) (reasonable likelihood child will be harmed if returned to parent). Respondent-mother argues that the trial court erred in determining that statutory grounds had been established by clear and convincing evidence, and by accepting respondent-mother's stipulation that it was in RLO's best interests to terminate her parental rights. We affirm.

## I. FACTUAL AND PROCEDURAL BACKGROUND

Petitioner, the Michigan Department of Health and Human Services (DHHS), petitioned to remove RLO in June 2019, alleging that RLO was without proper care and custody because both respondent-mother and respondent-father were incarcerated. Respondent-mother had been incarcerated in May 2019, for being in possession of heroin and methamphetamine with RLO in the car. DHHS asserted that RLO appeared dirty and unkempt. DHHS alleged that respondent-mother had a history with Child Protective Services (CPS) related to substance abuse, an incident of domestic violence occurred in April 2019, between respondents with RLO in the car, and respondent-mother was unable to maintain stable income or housing. RLO was placed with his paternal grandparents, and respondent-mother was ordered to comply with a parent-agency

---

[1] The child's father, a respondent in the trial court proceedings who also had his parental rights terminated, is not a party to this appeal.

treatment plan, which included supervised visitation, a substance-free lifestyle, emotional stability, domestic violence counseling, and parenting skill development.

Respondent-mother was in partial compliance with her treatment plan for several months, although the onset of COVID-19 affected services. However, in September 2020, she was arrested for possession of methamphetamines. In October 2020, DHHS petitioned to terminate respondent-mother's parental rights because she failed to obtain employment, did not participate in therapy, missed drug screens and tested positive for methamphetamines, her unsupervised visitation was revoked, she was currently incarcerated, she had no adequate housing, and her two other children were under guardianships with the maternal grandmother. The trial court authorized the petition, but after two failed attempts at holding the termination hearing, the trial court dismissed the petition without prejudice. Respondent-mother was released from jail, and DHHS filed a second petition to terminate, making the same allegations.

At the termination hearing, the caseworker testified that respondent-mother was not compliant with drug screens and had not maintained a substance-free life since her release from jail. Respondent-mother completed parenting classes, but did not benefit, as evidenced by the revocation of her unsupervised visitation. She lacked adequate housing and income. The paternal grandparents were willing to adopt RLO. Respondent-mother stipulated that termination of her parental rights was in the best interests of RLO, which the trial court accepted, and the trial court ordered termination of respondent-mother's parental rights.

## II. ANALYSIS

Respondent-mother argues that the trial court erred when it determined that statutory grounds for termination of her parental rights was proven by clear and convincing evidence and when it accepted her stipulation that it was in her child's best interests to terminate her parental rights. We disagree.

"This Court reviews for clear error the trial court's factual findings and ultimate determinations on the statutory grounds for termination." *In re White*, 303 Mich App 701, 709; 846 NW2d 61 (2014); MCR 3.977(K). This Court also reviews a trial court's determination regarding best interests for clear error. *White*, 303 Mich App at 713. "The trial court's factual findings are clearly erroneous if the evidence supports them, but we are definitely and firmly convinced that it made a mistake." *Id.* at 709-710. "The interpretation and application of statutes and court rules are [] reviewed de novo." *In re Sanders*, 495 Mich 394, 404; 852 NW2d 524 (2014).

### A. STATUTORY GROUNDS

"To terminate parental rights, a trial court must find by clear and convincing evidence that at least one statutory ground under MCL 712A.19b(3) has been established." *In re Moss*, 301 Mich App 76, 80; 836 NW2d 182 (2013). "Only one statutory ground need be established by clear and convincing evidence to terminate a respondent's parental rights, even if the court erroneously found sufficient evidence under other statutory grounds." *In re Ellis*, 294 Mich App 30, 32; 817 NW2d 111 (2011). Clear and convincing evidence

must produce [] in the mind of the trier of fact a firm belief or conviction as to the truth of the allegations sought to be established, evidence so clear, direct and weighty and convincing as to enable [the fact-finder] to come to a clear conviction, without hesitancy, of the truth of the precise facts in issue. [*Hunter v Hunter*, 484 Mich 247, 265; 771 NW2d 694 (2009) (quotation marks and footnote omitted).]

The statutory grounds at issue in this case state:

(3) The court may terminate a parent's parental rights to a child if the court finds, by clear and convincing evidence, 1 or more of the following:

* * *

(c) The parent was a respondent in a proceeding brought under this chapter, 182 or more days have elapsed since the issuance of an initial dispositional order, and the court, by clear and convincing evidence, finds either of the following:

(*i*) The conditions that led to the adjudication continue to exist and there is no reasonable likelihood that the conditions will be rectified within a reasonable time considering the child's age.

* * *

(g) The parent, although, in the court's discretion, financially able to do so, fails to provide proper care or custody for the child and there is no reasonable expectation that the parent will be able to provide proper care and custody within a reasonable time considering the child's age.

* * *

(j) There is a reasonable likelihood, based on the conduct or capacity of the child's parent, that the child will be harmed if he or she is returned to the home of the parent. [MCL 712A.19b(3)(c)(*i*), (g), (j).]

During the termination hearing, counsel for DHHS walked through these statutory grounds with the caseworker, who testified that she believed (1) respondent-mother failed to rectify the conditions leading to adjudication and could not do so in a reasonable time, (2) respondent-mother was unable to provide proper care and custody within a reasonable time to RLO, and (3) there was a reasonable likelihood RLO would be harmed if returned to respondent-mother. The caseworker cited respondent-mother's lack of housing and income and drug abuse as support for her opinions.

In the early stages of this case, respondent-mother was on probation from a previous incarceration for drug possession and living in transitional housing, but employed. At the time respondent-mother's parental rights were terminated, she had recently been released from jail for a different drug possession charge, had another possession charge in a different county pending, was unemployed, and was homeless as of July 2021. Additionally, respondent-mother failed to screen multiple times and tested positive for methamphetamines and amphetamines twice during the pendency of the case. This case was adjudicated in July 2019, and well over 182 days had

passed by the September 2021 termination hearing, with no progress from respondent-mother. While COVID-19 had an impact on respondent-mother's ability to obtain services under her treatment plan, this issue was addressed by the trial court when she was provided an additional 14 months after her initial relapse to come into compliance with her treatment plan, which she failed to do. The trial court did not err in finding that MCL 712A.19b(3)(c)(*i*) was established by clear and convincing evidence.

Regarding MCL 712A.19b(3)(g), not only has respondent-mother failed to provide for RLO, but she is not financially capable of doing so. At the time of the termination hearing, respondent-mother was unemployed, failed to obtain suitable housing, spent the majority of the pendency of this case homeless or in transitional housing, and refused the housing assistance offered by DHHS. While it is possible COVID-19 initially affected respondent-mother's ability to obtain stable income or housing, respondent-mother was given an additional 14 months after the COVID-19 restrictions began to rectify these problems. The caseworker had not received any proof of respondent-mother's attempts to obtain employment since becoming unemployed. Additionally, respondent-mother refused shelter placement or Section 8 housing referrals. While the impact of COVID-19 on respondent-mother's progress was damaging, respondent-mother introduced no evidence that she tried to overcome these barriers to provide for RLO. The trial court did not err in finding that MCL 712A.19b(3)(g) was established by clear and convincing evidence.

Respondent-mother also argues that the trial court erred because it did not articulate on the record why RLO would be harmed if he were returned to respondent-mother's care and custody. Respondent-mother fails to assert any legal support for her argument regarding this error, and "[a]n appellant may not merely announce a position and then leave it to this Court to discover and rationalize the basis for the appellant's claims; nor may an appellant give an issue only cursory treatment with little or no citation of authority." *Cheesman v Williams*, 311 Mich App 147, 161; 874 NW2d 385 (2015). Additionally, "[t]his Court will not search for authority to sustain or reject a party's position." *Id.* (quotation marks and citation omitted). Respondent-mother's conclusory statement, alone, is insufficient to establish her assertion of error on appeal. Therefore, this argument is abandoned.

## B. BEST INTERESTS

"Once a statutory basis for termination has been shown by clear and convincing evidence, the court must determine whether termination is in the child's best interests." *In re LaFrance Minors*, 306 Mich App 713, 732-733; 858 NW2d 143 (2014); MCL 712A.19b(5). "[T]he focus at the best-interest stage has always been on the child, not the parent." *In re Payne/Pumphrey/Fortson Minors*, 311 Mich App 49, 63; 874 NW2d 205 (2015) (quotation marks and citation omitted). "Best interests are determined on the basis of the preponderance of the evidence." *LaFrance*, 306 Mich App at 733.

Respondent-mother offers no legal support for her argument that the trial court erred when it accepted her stipulation that it was in RLO's best interests to terminate her parental rights. As noted earlier, "[a]n appellant may not merely announce a position and then leave it to this Court to discover and rationalize the basis for the appellant's claims; nor may an appellant give an issue

only cursory treatment with little or no citation of authority." *Cheesman*, 311 Mich App at 161. Additionally, "[t]his Court will not search for authority to sustain or reject a party's position." *Id.* (quotation marks and citation omitted, alteration in original). Because respondent-mother provided no legal support for her assertion, this argument is abandoned.

Moreover, "[a] party may not take a position in the trial court and subsequently seek redress in an appellate court that is based on a position contrary to that taken in the trial court." *Living Alternatives for Developmentally Disabled, Inc v Dep't of Mental Health*, 207 Mich App 482, 484; 525 NW2d 466 (1994). Respondent-mother stipulated to termination of her parental rights being in the best interests of RLO, and therefore cannot assert a contrary argument on appeal.

Affirmed.

/s/ Kathleen Jansen
/s/ David H. Sawyer
/s/ Michael J. Riordan