*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

SHENANDOAH RIDGE CONDOMINIUM
ASSOCIATION,

      Plaintiff-Counterdefendant,

v

JOSEPH BODARY, BRENDA BODARY,
ROBERT FLYNN, HEATHER FLYNN, STUART
MCROBBIE, and ANGELA MCROBBIE,

      Defendants/Cross-Defendants/
      Counterplaintiffs/Third-Party
      Plaintiffs-Appellees,

and

DONALD E. SKRELUNAS, Trustee of the
DONALD E. SKRELUNAS REVOCABLE LIVING
TRUST, SHARON A. SKRELUNAS, Trustee of the
SHARON A. SKRELUNAS REVOCABLE LIVING
TRUST, and THOMAS GLISPIE,

      Defendants/Counterplaintiffs/Cross-
      Plaintiffs/Third-Party Plaintiffs/Cross-
      Defendants-Appellants,

and

MORTGAGE ELECTRONIC REGISTRATION
SYSTEMS, INC.,

      Defendant/Cross-
      Defendant/Counterplaintiff/Third-
      Party Plaintiff/Third-Party Defendant,

and

FOR PUBLICATION
January 13, 2025
1:36 PM

No. 364972
Livingston Circuit Court
LC No. 2019-030471-CH

-1-

LAKE MICHIGAN CREDIT UNION,

        Defendant/Cross-
        Plaintiff/Counterplaintiff/Third-Party
        Plaintiff/Third-Party Defendant,

and

MICHAEL KOONTZ, MELISSA KOONTZ,
JOSEPH DESJARDIN, MICHELLE DESJARDIN,
ROBERT ZIELINSKI and JOAN M. ZIELINSKI,
Trustees of the ROBERT ZIELINSKI AND JOAN
M. ZIELINSKI REVOCABLE LIVING TRUST,
DEREK ANDERSON, DAGMAR ANDERSON,
ALEXANDER KOZA, SARAH KOZA, PATRICK
PARDINGTON, AMANDA PARDINGTON,
NICHOLAS MYLES, STEPHANIE MYLES,
MICHAEL WILDFONG, CHERYL WILDFONG,
WILLIAM J. LAWSON, JR., WILHELMINA
LAWSON, STEPHEN HALL, CYNTHIA HALL,
and SUSAN J. FRIEBE, Trustee of the SUSAN J.
FRIEBE REVOCABLE LIVING TRUST
AGREEMENT,

        Third-Party
        Defendants/Counterdefendants/Third-
        Party Plaintiffs,

and

RUSHMORE LOAN MANAGEMENT SERVICES,
LLC,

        Cross-
        Defendant/Counterplaintiff/Cross-
        Plaintiff/Third-Party Plaintiff,

and

NATIONSTAR MORTGAGE, LLC, DFCU
FINANCIAL, and INDEPENDENT BANK,

        Third-Party Defendants.

_____

Before:  PATEL, P.J., and MURRAY and YATES, JJ.

YATES, J.

Although the caption of this case may be intimidating, the dispute on appeal is not complex. Appellants—the Donald E. Skrelunas Revocable Living Trust, the Sharon A. Skrelunas Revocable Living Trust, and Thomas Glispie (collectively, the third-party plaintiffs)—appeal of right the trial court's order awarding summary disposition under MCR 2.116(C)(10) to Joseph Bodary, Brenda Bodary, Robert Flynn, Heather Flynn, Stuart McRobbie, and Angela McRobbie (collectively, the BFM defendants)[1] on their slander-of-title claims.  The third-party plaintiffs recorded a lis pendens on February 18, 2020, which remained in place for months after the trial court dismissed the claims cited in the lis pendens via summary disposition in November 2020.  The trial court awarded BFM defendants Robert and Heather Flynn $41,009 and Stuart and Angela McRobbie $9,903 in special damages.  On appeal, the third-party plaintiffs challenge the trial court's denial of their motion for reconsideration of the summary disposition award and the calculation of damages.  We affirm.

I.  FACTUAL BACKGROUND

The underlying facts are not in dispute.  The parties involved in this appeal are all residents of a residential site condominium development.  In their November 2019 complaint, the third-party plaintiffs contended that every condominium unit that had not been developed by January 2013—including the condominium units of the BFM defendants—had reverted to common elements of the condominium project.  Based on that complaint, on February 18, 2020, the third-party plaintiffs recorded a notice of lis pendens against the disputed units, including those belonging to the BFM defendants.  In that notice, the third-party plaintiffs represented that "a lawsuit is pending" between the BFM defendants and the third-party plaintiffs.  The notice specified that:

The object of the suit is to quiet title to the record interests of the Defendants in the Shenandoah Ridge Condominium Project ('Project'), to confirm that the real property formerly identified as Units 1, 2, 3, 5, 6, 8, 9, 10, 11, 12, 13, 14, 15, 16 converted to a general common element of the Project by operation of the Michigan Condominium Act, being Act 59 of the Public Acts of 1978, as amended, and to restore the land and abate the nuisances caused by the individual Defendants trespassing and unlawfully constructing improvements upon this real property.

On July 2, 2020, the BFM defendants moved for summary disposition of all the reversion claims.  They also sought an order directing the third-party plaintiffs to discharge their lis pendens. In a written opinion issued on November 23, 2020, the trial court granted the motion and dismissed the third-party plaintiffs' reversion claims.  First, the trial court ruled that the third-party plaintiffs lacked standing to bring a quiet title claim because only the condominium association, and not the third-party plaintiffs, had standing to claim that the individual condominium units had reverted to common elements.  Because of the contentious nature of the case, the trial court concluded that "it would be beneficial to the parties for the Court to set forth a further analysis" of site condominium

---

[1] We have chosen to use the designations "the third-party plaintiffs" and "the BFM defendants" to be consistent with the trial court's opinion.

-3-

law and equitable principles. In that additional analysis, the trial court considered the third-party plaintiffs' reversion claims. The trial court acknowledged that the law on that matter was unclear and there was "little binding caselaw on which to rely," but it held that MCL 559.167(3), the statute on which the third-party plaintiffs' reversion claims relied, did not apply to the condominiums. As a result, the trial court dismissed the third-party plaintiffs' reversion claims based on that statute.

While their summary disposition motion was pending, the BFM defendants amended their counterclaim to include slander-of-title claims, alleging that the lis pendens contained knowingly false statements, it was filed with malice, and the BFM defendants had incurred resulting damages. On April 22, 2022, 17 months after the dismissal of the third-party plaintiffs' reversion claims, the BFM defendants sought summary disposition pursuant to MCR 2.116(C)(10) on their slander-of-title claims. They noted that, despite the dismissal of the third-party plaintiffs' reversion claims in November 2020, the lis pendens still remained in place for the properties owned by the Flynns and the McRobbies, and the lis pendens had only recently been removed for the property owned by the Bodarys. The BFM defendants asserted that the lis pendens had prevented them from refinancing their mortgages to obtain lower interest rates, caused them to incur attorney fees, and reduced their properties' vendibility.

The third-party plaintiffs responded that the BFM defendants had not established that the lis pendens contained a false statement or that it had been recorded for a malicious purpose. They asserted that a factual question remained as to whether an invalid lien was a falsehood. Also, they asserted that the BFM defendants had not demonstrated malice because the BFM defendants had provided no evidence that the notice of lis pendens related to "anything other than [the third-party plaintiffs'] honest belief that they had some interest in the property." Additionally, the third-party plaintiffs argued that the BFM defendants had not established any entitlement to special damages because they had not provided any evidence of attempts to refinance or sell their units.

When the trial court heard oral arguments on August 12, 2022, the BFM defendants stated that the lis pendens had remained in place for years since the dismissal of the third-party plaintiffs' reversion claims. The third-party plaintiffs did not dispute that fact, but they responded that, when they recorded the lis pendens, they had a colorable claim. At the end of that hearing, the trial court rendered its decision from the bench. The trial court referred to the third-party plaintiffs' reversion claims as "tenuous" from the beginning, but stated that the court's written opinion and order issued on November 19, 2020, left no doubt that the reversion claims "were not legally or factually valid." The trial court explained that by November 2020, the third-party plaintiffs "were on notice that the claims in their amended complaint and by extension of the lis pendens were false[,]" so "it became incumbent on [the third-party plaintiffs] to immediately remove the lis pendens." Finally, the trial court concluded that there was no legitimate basis for the lis pendens to remain in place for nearly two years, and that the failure to act expeditiously to remove it was done with malice and evidenced the third-party plaintiffs' desire and intention to continue to injure the BFM defendants. The trial court granted summary disposition to the BFM defendants and ordered the third-party plaintiffs to remove the lis pendens that was still in place "within seven days." Then the trial court scheduled an evidentiary hearing to determine the amount of special damages, i.e., the damages incurred from November 2020 until the lis pendens was removed, to which the BFM defendants were entitled.

Before the hearing on special damages, Heather Flynn and Stuart McRobbie both submitted affidavits in support of their requests for special damages. In her affidavit, Flynn alleged that she

had attempted to refinance the mortgage loans when interest rates were low, but had been informed that any legal matters against the property would have to be resolved before title work could begin. McRobbie stated that he learned from Flynn that she was unable to refinance her property because of the legal matters. They both claimed they had lost the opportunity to refinance because interest rates eventually rose above the rates of their current mortgages. In Flynn's affidavit, she averred that if she had been able to refinance her mortgage at the rate available at the time she attempted to refinance, it would have reduced the amount of interest she paid by $41,009 over the life of the mortgage. McRobbie averred that if he had been able to refinance his mortgage, he would have saved $9,903 in interest payments over the remaining life of his mortgage.

At the hearing on special damages, the BFM defendants contended that they had presented evidence that they had lost out on the chance to refinance at a lower interest rate because of the lis pendens. The third-party plaintiffs responded that the lis pendens may have been one of the many factors that influenced the ability of the BFM defendants to refinance their properties, but the BFM defendants had not applied for refinancing, so it would be speculative to award any damages. The trial court determined that the third-party plaintiffs should have canceled the notice of lis pendens following the court's ruling on summary disposition, that they had wrongfully failed to do so, and that the BFM defendants had been damaged because they were unable to take advantage of reduced interest rates. The trial court awarded special damages of $41,009 to Heather Flynn and $9,903 to Stuart McRobbie.

The third-party plaintiffs moved for reconsideration of the trial court's award of summary disposition and its calculation of special damages. The third-party plaintiffs argued it was palpable error for the trial court to decide that falsity and malice existed at any time other than the recording of the lis pendens. They asserted that those elements could only be established at the time of the filing. They also argued that, although the November 2020 order did dismiss many of their claims, it was not a final order, and they still had the right to appeal that decision. They insisted that there could be no finding of malice while there remained the possibility that the court would revise its ruling. Further, they argued that malice should not be imputed to the third-party plaintiffs because there was no proof that they desired or intended to injure the BFM defendants. Finally, the third-party plaintiffs argued that the BFM defendants failed to mitigate their damages because they could have asked the trial court to order the removal of the lis pendens at an earlier date, but they did not do so until 2022.

The trial court denied the third-party plaintiffs' motion for reconsideration, reasoning that it merely presented the same issues on which the court had previously ruled, it did not demonstrate a palpable error by which the court or the parties were misled, and it did not show that a different disposition must result from correction of the error. This appeal followed.

## II. LEGAL ANALYSIS

On appeal, the third-party plaintiffs insist that the trial court abused its discretion when it denied their motion for reconsideration of the order that awarded summary disposition to the BFM defendants. They contend that the trial court made palpable errors when determining that the BFM defendants had established the elements of falsity and malice. They also assert that the trial court abused its discretion when it denied their motion for reconsideration because there was a palpable error in the calculation of damages. We will address each argument in turn.

-5-

We review a trial court's ruling on a motion for reconsideration for an abuse of discretion. *Woods v SLB Prop Mgt, LLC*, 277 Mich App 622, 629; 750 NW2d 228 (2008). Such "[a]n abuse of discretion generally occurs only when the trial court's decision is outside the range of reasonable and principled outcomes[.]" *Dorsey v Surgical Institute of Michigan, LLC*, 338 Mich App 199, 223; 979 NW2d 681 (2021). "Generally, and without restricting the discretion of the [trial] court, a motion for rehearing or reconsideration which merely presents the same issues ruled on by the court, either expressly or by reasonable implication, will not be granted." MCR 2.119(F)(3). "The moving party must demonstrate a palpable error by which the court and the parties have been misled and show that a different disposition of the motion must result from correction of the error." *Id*. "[A] trial court has discretion on a motion for reconsideration to decline to consider new legal theories or evidence that could have been presented when the motion was initially decided." *Yoost v Caspari*, 295 Mich App 209, 220; 813 NW2d 783 (2012).

To establish a claim of slander of title, the "plaintiff must show falsity, malice, and special damages . . . ." *B&B Investment Group v Gitler*, 229 Mich App 1, 8; 581 NW2d 17 (1998). These elements apply to common-law claims and claims under MCL 565.108. *Id*. "The crucial element is malice." *Wells Fargo Bank v Country Place Condo Ass'n*, 304 Mich App 582, 596; 848 NW2d 425 (2014) (quotation marks and citation omitted). A plaintiff alleging slander of title "must show some act of express malice, which implies a desire or intention to injure." *Id*. (quotation marks and citation omitted). Malice does not exist if the defendant's claim "was asserted in good faith upon probable cause or was prompted by a reasonable belief that [the defendant] had rights in the real estate in question." *Id*. (quotation marks and citation omitted; alteration in original). Further, "[m]alice may not be inferred merely from the filing of an invalid lien; the plaintiff must show that the defendant knowingly filed an invalid lien with the intent to cause the plaintiff injury." *Id*.

## A. LIS PENDENS—MALICE AND FALSITY

The third-party plaintiffs assert that the trial court abused its discretion when it denied their motion for reconsideration. They contend that the trial court committed palpable error in its award of summary disposition to the BFM defendants when it determined that they had acted with malice in recording the lis pendens. They claim that they had a colorable legal argument when they filed the lis pendens, so they did not act maliciously in that filing. In addition, they insist no Michigan caselaw supports the determination that the failure to release a lis pendens can satisfy the malice element of a slander-of-title claim. Moreover, they argue that even after the November 2020 award of summary disposition, they still had the right to appeal the decision and the order was not a final judgment, suggesting that it was not malicious to maintain the lis pendens even after their claims were dismissed.

The third-party plaintiffs further insist that the trial court committed palpable error when it found the lis pendens invalid because it contained a falsehood. In making that argument, the third-party plaintiffs merely reiterate the same propositions offered in support of their argument that the trial court erred in finding malice. In our view, the trial court did not abuse its discretion when it denied the third-party plaintiffs' motion for reconsideration on those grounds.

The failure to release a validly filed lien when there are conditions that require the release of the lien may constitute slander of title. See *Anton, Sowerby & Assoc, Inc v Mr C's Lake Orion, LLC*, 309 Mich App 535, 548; 872 NW2d 699 (2015) (concerning a real estate broker's lien). This

Court has discussed that principle in unpublished opinions, explaining that the statutory language for slander-of-title claims under MCL 565.108 "indicates that a properly recorded lien can support a claim for slander of title if the claimant leaves the lien in place when it no longer secures a valid claim and when another party's right to the property is thereby impaired."[2] *Stonehenge Condo Ass'n v Bank of New York Mellon Trust Co, NA*, unpublished per curiam opinion of the Court of Appeals, issued July 24, 2018 (Docket No. 339106), p 7. In a recent, unpublished opinion, this Court agreed with *Stonehenge* "that continuing to maintain a lien may constitute 'malice' for the purposes of slander of title, even if the lien was properly filed in the first instance." *Value Investors LLC v Yatooma*, unpublished per curiam opinion of the Court of Appeals, issued April 18, 2024 (Docket Nos. 362564 and 365694), p 7.[3]

Relying on that guidance, we reject the third-party plaintiffs' argument that the trial court committed palpable error by awarding summary disposition to the BFM defendants. First, we note that the trial court ruled that the third-party plaintiffs acted maliciously when they did not release the lis pendens after the award of summary disposition in November 2020. Although the trial court voiced doubt that the third-party plaintiffs ever believed that their reversion claims were valid, the trial court's finding of malice was not based on recording of the lis pendens. Rather, the trial court stated that the third-party plaintiffs' failure to remove the lis pendens after the award of summary disposition in November 2020 established the requisite malice.[4] Accordingly, any argument about the presence or absence of malice when the lis pendens was recorded is irrelevant to our analysis.

---

[2] MCL 565.108 states that "[n]o person shall use the privilege of filing notices hereunder for the purpose of slandering the title to land, and in any action brought for the purpose of quieting title to land, if the court shall find that any person has filed a claim for that reason only, he shall award the plaintiff all the costs of such action, including such attorney fees as the court may allow to the plaintiff, and in addition, shall decree that the defendant asserting such claim shall pay to plaintiff all damages that plaintiff may have sustained as the result of such notice of claim having been so filed for record."

[3] "Although unpublished opinions of this Court are not binding precedent," they may be considered "instructive or persuasive." *Paris Meadows, LLC v Kentwood*, 287 Mich App 136, 145 n 3; 783 NW2d 133 (2010) (citations omitted); see MCR 7.215(C)(1).

[4] On the record, the trial court stated that:

> [T]here can be no doubt that as of 11/19 of '20, when the Court issued its opinion and order, that the reversion claims were not legally or factually valid.
>
> At that point in time, the [third-party plaintiffs] were on notice that the claims in their amended complaint and by extension of the lis pendens were false. As soon as the Court issued its ruling, it became incumbent on the [third-party plaintiffs] to immediately remove the lis pendens.

\* \* \*

Additionally, the third-party plaintiffs have not carried their burden of demonstrating that the trial court committed palpable error in concluding that malice was present when the third-party plaintiffs maintained their lis pendens after the award of summary disposition in November 2020. Their argument that a slander-of-title claim cannot be premised on the wrongful continuation of a lis pendens is not consistent with published opinions regarding liens generally or with this Court's unpublished opinions concerning lis pendens specifically. See *Anton, Sowerby & Assoc*, 309 Mich App at 548; *Stonehenge Condo Ass'n*, unpub op at 7; *Value Investors*, unpub op at 7. The third-party plaintiffs have not established that it was a palpable error for the trial court to determine that the malice element of slander of title was satisfied by the third-party plaintiffs' actions or inactions at some time after they recorded the lis pendens.

The third-party plaintiffs suggest the trial court erred by finding that they acted maliciously by not removing the lis pendens after the award of summary disposition because there was no final judgment and they could still appeal that decision. That argument was first raised in their motion for reconsideration. The trial court had discretion on the motion for reconsideration to decline to consider new legal theories that could have been presented when the motion was initially decided. *Yoost*, 295 Mich App at 220. Therefore, the trial court did not abuse its discretion when it declined to grant reconsideration on the basis of that new legal theory.

Further, under the "raise or waive" rule of appellate review, litigants must preserve an issue for appellate review by raising the issue in the trial court and asserting that same issue on appeal. *Tolas Oil & Gas Exploration Co v Bach Servs & Mfg, LLC*, 347 Mich App 280, 289; ___ NW3d ___ (2023). "[W]here an issue is first presented in a motion for reconsideration, it is not properly preserved." *Vushaj v Farm Bureau Gen Ins Co of Mich*, 284 Mich App 513, 521; 773 NW2d 758 (2009). Nevertheless, "this Court may overlook preservation requirements if the failure to consider the issue would result in manifest injustice, if consideration is necessary for a proper determination of the case, or if the issue involves a question of law and the facts necessary for its resolution have been presented." *Tolas Oil*, 347 Mich App at 289-290 (quotation marks and citation omitted).

Our principal concern is that the third-party plaintiffs not only failed to raise the issue until they filed the motion for reconsideration, but also made comments during the motion hearing that directly contradict the position they now take on appeal, i.e., even after the November 2020 award of summary disposition, they had a colorable legal argument justifying the lis pendens. At the end of the motion hearing on August 12, 2022, the third-party plaintiffs' counsel "acknowledge[d] that the Court has previously found that my clients did not have their own individual claims under the

---

The Court finds there exists no legitimate basis for the [third-party plaintiffs] to have allowed this cloud to remain in place for nearly two years.

\* \* \*

The Court finds that [the third-party plaintiffs'] failure to act expeditiously to remove the lis pendens and to allow it to remain in place clouding the titles of the BFM parties for nearly two years was done with malice and evidenced their desire and intention to continue to injure the BFM parties.

-8-

reversionary theory under section 67. That is very clear. Not arguable." He compared that to the third-party plaintiffs' belief at the time of recording, asserting that "prior to the Court's decision, that was not entirely clear, and there was a (sic) at least arguable legal basis that they had formed an unincorporated association, and theoretically had the ability to make that claim."

During that oral argument, counsel claimed his "clients at the time that this lis pendens was recorded had colorable claims, albeit now they have been found to, you know, not be in favor of my clients, but at the time that the lis pendens was recorded they did have those colorable claims." He also asserted that "the Court may have since found that those legal interests are invalid or, you know, based upon mistakes and misinterpretations of the law, but again, at the time the lis pendens was recorded, they had a — a legitimate, albeit wrong, legal basis for their recording." The trial court's ruling was largely consistent with that argument from the third-party plaintiffs. It explained that assuming the third-party plaintiffs "initially felt their reversion claims had some validity . . . there can be no doubt that as of [November 19, 2020], when the Court issued its opinion and order, that the reversion claims were not legally or factually valid."

While the trial court was considering the motion for summary disposition, the third-party plaintiffs never once asserted that they could continue to have a reasonable belief in the validity of the lis pendens because they could appeal a summary disposition award. Instead, they argued that malice could only be established at the time of filing. In response to questions from the trial court, their counsel reiterated that "we're trying to look at [ ] the time of the recording, not all of the time since then," and "[s]lander of title is something that occurs when they record that document."

Based on the arguments the third-party plaintiffs made to the trial court, they are arguably precluded from contending on appeal that they maintained a reasonable belief in the validity of the lis pendens even after the November 2020 award of summary disposition. See *Living Alternatives for Developmentally Disabled Inc v Dep't of Mental Health*, 207 Mich App 482, 484; 525 NW2d 466 (1994) ("A party may not take a position in the trial court and subsequently seek redress in an appellate court that is based on a position contrary to that taken in the trial court."). Even if review is not precluded despite the fact that the issue is unpreserved, none of the circumstances that justify review of an unpreserved issue exist here. See *Tolas Oil*, 347 Mich App at 289-290. Accordingly, the third-party plaintiffs cannot establish that the trial court abused its discretion by denying their motion for reconsideration with respect to the elements of malice and falsity.

## B. SPECIAL DAMAGES

The third-party plaintiffs insist the trial court abused its discretion by denying their motion for reconsideration of the special damages awards. They assert that the BFM defendants failed to mitigate their damages because the BFM defendants did not promptly ask the trial court to cancel the lis pendens. The third-party plaintiffs first raised this issue in their motion for reconsideration. In the trial court, the third-party plaintiffs responded to the BFM defendants' motion by contending that the BFM defendants failed to provide evidence that they had unsuccessfully tried to refinance or sell their units. After the evidentiary hearing on special damages, they argued that the affidavits submitted to support the request for special damages were insufficient because none of the BFM defendants actually submitted a formal application to refinance. The third-party plaintiffs do not advance that argument on appeal.

Instead, the third-party plaintiffs argue that the trial court committed palpable error because the BFM defendants failed to mitigate their damages. It is within the trial court's discretion on a motion for reconsideration to decline to consider new legal theories that could have been presented when the motion was initially decided. *Yoost*, 295 Mich App at 220. Therefore, the trial court did not abuse its discretion by declining to grant reconsideration on the basis of that new legal theory. Additionally, because the third-party plaintiffs first raised the issue of mitigation in their motion for reconsideration, the issue is unpreserved. *Vushaj*, 284 Mich App at 521. We need not consider an unpreserved issue, but we "may overlook preservation requirements if the failure to consider the issue would result in manifest injustice, if consideration is necessary for a proper determination of the case, or if the issue involves a question of law and the facts necessary for its resolution have been presented." *Tolas Oil*, 347 Mich App at 289-290 (quotation marks and citation omitted). The third-party plaintiffs do not even argue—much less establish—that any of those circumstances are present. But they assert, incorrectly, that "[t]here was not a single new fact or argument raised for the first time in the motion for reconsideration." Therefore, we decline to address the unpreserved issue.[5]

Affirmed.

/s/ Christopher P. Yates
/s/ Sima G. Patel
/s/ Christopher M. Murray

---

[5] In any event, the argument about insufficient evidence to support the BFM defendants' mitigation efforts misconstrues the burden of proof. The third-party plaintiffs must show that the BFM defendants failed to take reasonable steps to mitigate damages, see *Landin v Healthsource Saginaw, Inc*, 305 Mich App 519, 539; 854 NW2d 152 (2014), and they have not met that burden.

-10-